◼ In the Matter of KENNETH SMITH, Respondent, v PAUL REGAN, as Chairman, New York State Board of Parole, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the furnishing of reasons for the denial of petitioner's application for his release on parole, the appeal is from a judgment of the Supreme Court, Dutchess County, dated November 21, 1974, which granted the application to the extent of directing that petitioner be furnished with such a statement. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed as moot, on the authority of *Matter of Anderson v Regan* (51 AD2d 742), it appearing that defendant will shortly appear before the parole board. Martuscello, Acting P. J., Latham, Cohalan, Damiani and Titone, JJ., concur.

◼ In the Matter of STEVENS IMPORTS, INC., et al., Respondents, v JAMES J. LACK, as Commissioner of the Department of Consumer Affairs of the County of Suffolk, Appellant.—Appeal from an order of the Supreme Court, Suffolk County, dated November 18, 1975, which granted respondents' motion to quash four nonjudicial subpoenas, without prejudice to the issuance of new subpoenas which meet certain criteria. Order reversed, on the law, without costs, and motion denied. No fact findings were presented for review. Appellant subpoenaed the 1,000 mile service records of 924 purchasers of 1975 Toyota automobiles from the respondents, who then moved to quash those subpoenas. Special Term granted the motion, without prejudice to the issuance of new subpoenas which are to indicate the subject matter of the investigation and be limited to records of the car owners who have registered complaints against the particular dealers. The subpoenas are not defective because of a failure to specify the nature of the investigation or the relation of the documents thereto; appellant adequately set forth the purpose of the investigation in his affidavit in opposition to the motion to quash the subpoenas (see *Matter of La Belle Creole Int., S. A. v Attorney-General of State of N. Y.,* 10 NY2d 192, 196). However, it would have been preferable had the subpoenas themselves stated the purpose of the investigation. In addition, appellant's affidavit reveals that the records subpoenaed bear a reasonable relation to the subject matter under investigation and are based upon more than isolated or rare complaints by disgruntled customers (see *Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250). Although the investigation was initiated by a small number of complaints, the subsequent investigation conducted by the department justified the issuance of the subpoenas. The respondents' argument that appellant lacks jurisdiction to conduct the subject investigation, since the State has pre-empted the entire field of automobile repairs, including consumer protection, with the enactment of article 12-A of the Vehicle and Traffic Law lacks merit (cf. *Myerson v Lentini Bros. Moving & Stor. Co., supra).* Cohalan, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.