■ In the Matter of CHARLES HETHERINGTON, Appellant, v PATRICK MURPHY, as Commissioner of the Police Department of the City of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the Police Department of the City of New York to furnish petitioner with copies of certain reports and messages, petitioner appeals from a judgment of the Supreme Court, Kings County, entered March 7, 1973, which denied the application. Judgment affirmed, without costs or disbursements. Assuming that the judgment under review is appealable (cf. *Matter of Santangello v People,* 38 NY2d 536), appellant failed to show how inspection of his arrest records, etc., will assist him in the assertion of any of his rights. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.

■ In the Matter of CHARLES J. HUGHES, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority, which, after a hearing, dismissed petitioner from his position of Structure Maintainer B, the appeal is from a judgment of the Supreme Court, Queens County, dated March 16, 1976, which denied the application and dismissed the petition. Judgment affirmed, without costs or disbursements. In our opinion, the determination was neither arbitrary nor capricious. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.

■ In the Matter of LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent, v LEIGH REALTY Co., INC., Appellant.—In a proceeding to quash a nonjudicial subpoena, the appeal is from an order of the Supreme Court, Suffolk County, dated May 26, 1976, which denied the application. Order affirmed, with $50 costs and disbursements. The materials subpoenaed bear a reasonable relation to the subject matter under investigation and to the public purpose sought to be achieved thereby (see *Matter of La Belle Creole Int., S. A. v Attorney-General of State of N. Y.,* 10 NY2d 192). Although it appears that the investigation was initiated by one complaint, the subsequent investigation by the Attorney-General's office provided sufficient basis for the issuance of the subpoena (see *Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250; Matter of Stevens Imports v Lack, 52 AD2d 928). Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.