■ LLOYD H. PATERSON, Appellant, v NIAGARA COUNTY LEGISLATURE, COMMITTEE ON INVESTIGATIONS OF THE LEGISLATURE OF THE COUNTY OF NIAGARA, et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: We affirm the order at Special Term which denied appellant's motion to quash a subpoena duces tecum issued by respondent, Niagara County Legislative Committee on Investigations. By a June 21, 1977 resolution, the County Legislature established respondent Niagara County Legislative Committee on Investigations, invested it "with all the powers as provided in Section 209 of the County Law" and directed it "to investigate into suspected misuse of County funds in the office of the Treasurer from 1965, as well as other areas that the Committee shall deem advisable." An investigation into the alleged mishandling of funds by the county treasurer's office is within the scope of the investigative powers conferred upon the County Legislature under section 209 of the County Law. The subpoenaed records relate to estates administered by appellant by virtue of his position as county treasurer during the period covered by the resolution and thus are within the scope of the resolution establishing the committee on investigations. These records bear a reasonable relationship to the subject matter of a legitimate legislative investigation and are properly demanded by the committee on investigations (*Myerson v Lentini Bros. Moving & Stor. Co.*, 33 NY2d 250, 256; *Matter of La Belle Creole Int., S. A. v Attorney-General of State of N. Y.*, 10 NY2d 192, 196; *Carlisle v Bennett*, 268 NY 212, 217–218; *Matter of Stevens Imports v Lack*, 52 AD2d 928, affd 41 NY2d 939). The fact that the subpoenas fail to set forth even a general statement of the subject matter of the investigation is not fatal, particularly where, as here, respondents adequately set forth the purpose of the investigation in the affidavits interposed in opposition to appellant's motion to quash (*Matter of Stevens Imports v Lack, supra*). Further, we find no merit to appellant's claim that production should not be ordered because of his allegation that unfair and prejudicial charges against him have been made either by certain members of the County Legislature or respondent committee (*General Elec. Co. v New York State Assembly Committee on Governmental Operations*, 425 F Supp 909, 916). Finally, upon oral argument, it was revealed that some of the records sought by respondent have been subpoenaed and are now in the custody of the Niagara County Grand Jury. Of course, Grand Jury proceedings are secret and the nature or substance of any Grand Jury testimony, or any decision, result or other matter attending a Grand Jury proceeding may not be disclosed except by a grand juror in the lawful discharge of his duties or upon written order of the court (CPL 190.25). Whether the complete record in each estate file which is subject to respondent's subpoena duces tecum is thus now beyond appellant's power presently to produce is not clear from the record before us. However, to the extent that appellant retains possession of records demanded in respondent's subpoena, such records should be delivered to respondent. To the extent that he is unable to comply with respondent's subpoena by reason of the fact that the records sought have been turned over to the Grand Jury, appellant may present such explanation at Special Term to account for his

failure to comply with the subpoena (9 NY Jur, Contempt, § 57). (Appeal from order of Niagara Supreme Court—quash subpoena.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ. (Decided Nov. 4, 1977.)