■ In the Matter of CENTRAL QUEENS PROPERTIES CORP., Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, and JOANNE ARNONE, Respondent. [686 NYS2d 865] —In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated March 6, 1997, which, upon remittitur by this Court directing it to issue "a new determination in accordance with the principles enunciated in *Matter of Century Tower Assocs. v State of New York Div. of Hous. & Community Renewal* (83 NY2d 819, 822-823)" (*Matter of Arnone v Commissioner of Div. of Hous. & Community Renewal of State of N. Y.,* 227 AD2d 476, 477), affirmed a determination of the District Rent Administrator dated July 14, 1987, the New York State Division of Housing and Community Renewal appeals from a judgment of the Supreme Court, Queens County (Goldstein, J.), dated February 24, 1998, which annulled the determination and directed the appellant to limit its examination of the rental history of the subject apartment to a four-year period prior to the filing of the underlying administrative complaint.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed as academic.

In March 1997 the appellant New York State Division of Housing and Community Renewal (hereinafter DHCR) issued a determination on a rent overcharge complaint filed by tenant Joanne Arnone against her landlord, Central Queens Properties Corp. The landlord commenced the instant CPLR article 78 proceeding to review that determination. While the CPLR article 78 proceeding was pending, the landlord and Arnone

entered into a settlement agreement in connection with a nonpayment proceeding in Housing Court which, *inter alia*, resolved Arnone's rent overcharge complaint (*see,* Rent Stabilization Code [9 NYCRR 2520.13]). The Supreme Court, apparently unaware of the settlement, issued a judgment in the instant proceeding which annulled the determination of the DHCR and remitted the matter for further administrative proceedings. In view of the fact that the underlying rent overcharge dispute was settled, a judgment on the merits of the landlord's petition should not have been entered. Accordingly, the instant proceeding is dismissed as academic (*see, Matter of Smith v Regan,* 52 AD2d 928). O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.