◼ In the Matter of J.R.D. MANAGEMENT CORP., Appellant, v WILLIAM EIMICKE, as Commissioner of the New York State Division of Housing and Community Renewal, Respondent.— In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Division of Housing and Community Renewal, dated February 26, 1987, granting a rent rollback, the petitioner appeals from (1) a judgment of the Supreme Court, Kings County (Golden, J.), dated August 24, 1987, which dismissed the petition and (2) so much of an order of the same court, entered December 28, 1987, as upon reargument, adhered to its original determination.

Ordered that the appeal from the judgment dated August 24, 1987 is dismissed, without costs or disbursements, as that judgment was superseded by the order entered December 28, 1987, made upon reargument; and it is further,

Ordered that the order entered December 28, 1987 is re-

versed insofar as appealed from, on the law, without costs or disbursements, the judgment dated August 24, 1987 is vacated, and the matter is remitted to respondent for a determination of the tenant's complaint of a rent overcharge under the law as it existed at the time of its determination, to wit, Administrative Code of the City of New York former § YY51-6.0.5 (g) (now § 26-516 [g]).

This dispute arises from the decision of the respondent Commissioner of the New York State Division of Housing and Community Renewal to award a tenant a rent rollback after the petitioner J.R.D. Management Corp. failed to submit leases to show the rent history of apartment 4-D at 2701 Newkirk Avenue in Brooklyn.

On March 29, 1984, the tenant filed a rent overcharge complaint against the petitioner. The respondent demanded complete rent records of the premises pursuant to Code of the Rent Stabilization Association of New York City, Inc. (Rent Stabilization Code) § 42 (A). Upon the petitioner's failure to provide all of the requested records, on October 4, 1985, the respondent granted the tenant a rent rollback. On February 26, 1987, the petitioner's petition for administrative review was denied. Thus the petitioner brought the instant CPLR article 78 proceeding to review the respondent's determination. The Supreme Court dismissed the petition and adhered to its determination upon reargument.

The petitioner's principal argument on appeal is that the respondent erred in applying Rent Stabilization Code § 42 (A) to the case at bar. Rather, the petitioner contends that, consistent with its practice in other cases, the respondent should have decided this matter in accordance with the law at the time of the determination of the case. On April 1, 1984, two days after the tenant filed her complaint, Administrative Code former § YY51-6.0.5 (g) became effective (see, L 1983, ch 403, as amended by L 1984, ch 102, hereinafter the Omnibus Housing Act). Insofar as relevant, Administrative Code former § YY51-6.0.5 (g) (now § 26-516 [g]) provided that an owner who has registered its building, "shall not be required to maintain or produce any records relating to rentals of [premises] for more than four years prior to the most recent registration [of such premises]".

It is well established that: "Where a statute has been amended during the pendency of a proceeding, the application of that amended statute to the pending proceeding is appropriate and poses no constitutional problem (Bucho Holding Co. v Temporary State Hous. Rent. Commn., 11 NY2d 469; I.L.F.Y.

*Co. v City Rent & Rehabilitation Admin.,* 11 NY2d 480; *Matter of Taleff Realty Corp. v Jay,* 54 AD2d 423)" *(Matter of St. Vincent's Hosp. & Med. Center v New York State Div. of Hous. & Community Renewal,* 109 AD2d 711, 712, *affd* 66 NY2d 959).

In *Matter of St. Vincent's Hosp. & Med. Center v New York State Div. of Hous. & Community Renewal (supra),* as well as other cases under the Omnibus Housing Act as amended, the respondent sought to apply the law as it existed at the time of the determination of the matter *(see, Matter of St. Vincent's Hosp. & Med. Center v New York State Div. of Hous. & Community Renewal, supra; Coronet Props. Co. v State of N. Y., Div. of Hous. & Community Renewal,* NYLJ, Nov. 26, 1986, at 11, col 4 [Sup Ct, NY County], *affd* 134 AD2d 967 [case brought pursuant to Administrative Code former § YY51-6.05 (a) (ii), recodified as § 26-516 (a) (ii)]; *cf., Matter of Reichman v New York City Conciliation & Appeals Bd.,* 117 AD2d 517). Nevertheless, in the case at bar, the respondent seeks to apply the law as it existed at the time of the complaint without offering a rational reason for the lack of consistency in its application of the law. Such an inconsistent application of the law is arbitrary and capricious. Therefore, the order must be reversed and the matter remitted to the respondent for a new determination.

We have considered the parties' other contentions and find that they are without merit. Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.