■ In the Matter of J.R.D. MANAGEMENT CORP., Appellant, v WILLIAM EIMICKE, as Commissioner of the New York State Division of Housing and Community Renewal, Respondent.— In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Division of Housing and Community Renewal dated March 25, 1987, which dismissed the petitioner's petition for administrative review of a finding of general rent overcharge as untimely, the appeal is from a judgment of the Supreme Court, Kings County (Krausman, J.), dated August 4, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner lessor sought administrative review of an order of the District Rent Administrator of the New York State Division of Housing and Community Renewal (hereinafter DHCR), issued December 15, 1986, directing it to make certain refunds in rents previously collected, by allegedly mailing a copy of a petition for administrative review (hereinafter PAR) to the District Rent Office on January 19, 1987. The PAR was received on January 23, 1987, 39 days after the order sought to be reviewed was issued. By order issued March 25, 1987, the DHCR dismissed the PAR on the basis that it was not filed within 35 days of the issuance of the order sought to be reviewed, and was thus untimely under the DHCR's regulations. The petitioner subsequently commenced this proceeding to review the order of March 25, 1987. By judgment dated August 4, 1987, the Supreme Court dismissed the petition, finding that the DHCR's interpretation of its own regulations was not arbitrary or capricious. We agree, and accordingly affirm the judgment.

The regulation at issue, 9 NYCRR 2529.2, provides that in order to be timely filed a PAR served by mail must be postmarked not more than 35 days after the date of the order sought to be reviewed. "If the prepaid postage on the envelope in which the PAR is mailed is by private postage meter, and the envelope does not have an official U. S. Postal Service postmark, then the PAR will not be considered timely filed unless received within the aforementioned 35 days or the petitioner submits other adequate proof of mailing within said 35 days, such as an official Postal Service receipt or certificate of mailing" (9 NYCRR 2529.2). The DHCR's determination that an affidavit of service does not constitute such "other adequate proof of mailing" is neither arbitrary nor capricious, and as the determination under review is rationally based, the proceeding was properly dismissed. Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.