■ JONATHAN WOODNER Co., Appellant, v WILLIAM EIMICKE, as Commissioner of the New York State Division of Housing and Community Renewal, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated April 19, 1988, which affirmed a previous determination by the District Rent Administrator, which, *inter alia,* directed a rent rollback, the petitioner appeals from (1) a judgment of the Supreme Court, Queens County (Joy, J.), dated November 30, 1988, which dismissed the proceeding and confirmed the determination, and (2) an amended order and judgment (one paper), of the same court, dated May 1, 1989, which, *inter alia,* denied the petitioner's motion to vacate the judgment dated November 30, 1988, confirmed the determination and dismissed the proceeding.

Ordered that the appeal from the judgment dated November 30, 1988, is dismissed, without costs or disbursements, as that judgment was superseded by the amended order and judgment, dated May 1, 1989; and it is further,

Ordered that the amended order and judgment dated May 1, 1989, is reversed, on the law, without costs or disbursements, the judgment dated November 30, 1988, is vacated, the determination is annulled, and the matter is remitted to the respondent New York State Division of Housing and Community Renewal for a determination of the tenant's complaint of a rent overcharge under the law as it existed at the time of its determination, to wit, Administrative Code of the City of New York former § YY51-6.0.5 (g) (now § 26-516 [g]).

This dispute arises from the determination of the respondent Commissioner of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) to award a tenant a rent rollback after the petitioner Jonathan Woodner Co. failed to submit leases to show the complete rent history of apartment 10J at 43-23 Colden Street in Flushing, Queens.

In March 1984 the tenant filed a complaint of rent overcharge against the petitioner. By letter dated March 27, 1984, the DHCR demanded that the petitioner "produce rent records for the subject apartment dating back *at least to June 30, 1974"* (emphasis added). Upon the petitioner's failure to provide all of the requested records, on August 21, 1986, the District Rent Administrator held in the tenant's favor and granted the tenant a rent rollback. On April 19, 1988, the petitioner's petition for administrative review was denied. The petitioner then commenced this proceeding pursuant to CPLR article 78, among other things, to review the determination of the DHCR. The Supreme Court, among other things, dismissed the proceeding and confirmed the determination of the DHCR, but stayed its enforcement pending the determination of the instant appeal.

On April 1, 1984, four days after the tenant filed his complaint, Administrative Code former § YY51-6.0.5 (g) became effective. Insofar as is relevant, that law (now Administrative Code § 26-516 [g]) provided that an owner who has registered its building "shall not be required to maintain or produce any records relating to rentals of [premises] for more than four years prior to the most recent registration [of such premises]".

"It is well established that: 'Where a statute has been amended during the pendency of a proceeding, the application of that amended statute to the pending proceeding is appropriate and poses no constitutional problem' " *(Matter of J.R.D. Mgt. Corp. v Eimicke,* 148 AD2d 610, 611, quoting from *Matter of St. Vincent's Hosp. & Med. Center v New York State Div. of Hous. & Community Renewal,* 109 AD2d 711, 712, *affd* 66 NY2d 959). In other cases under the Omnibus Housing Act as amended (L 1983, ch 403), the DHCR sought to apply the law as it existed at the time of the determination of the matter. Nevertheless, in the case at bar, as in *Matter of J.R.D. Mgt. Corp. v Eimicke (supra,* at 612), the DHCR "seeks to apply the law as it existed at the time of the complaint without offering a rational reason for the lack of consistency in its application of the law. Such an inconsistent application of the law is arbitrary and capricious". Therefore, the judgment must be reversed and the matter remitted to the DHCR for a new determination.

We have considered the petitioner's other contentions and find that they are without merit. Mangano, P. J., Thompson, Bracken and Rubin, JJ., concur.