■ In the Matter of 590 West End Associates, Appellant, v State Division of Housing and Community Renewal, Respondent.—Judgment, Supreme Court, New York County (Martin Stecher, J.), entered on November 1, 1989, which dismissed petitioner's CPLR article 78 proceeding, challenging a determination by respondent finding a rent overcharge and granting a rate reduction, unanimously affirmed, without costs and without disbursements.

Petitioner owner invites this court to overrule its determi-

nation in *Matter of Lavanant v State Div. of Hous. & Community Renewal* (148 AD2d 185), holding that the respondent agency may rationally require a complete rental history for rent overcharge cases filed prior to April 1, 1984, and urges adoption of the Second Department's contrary holding in *Matter of J.R.D. Mgt. Corp. v Eimicke* (148 AD2d 610). We decline to do so, as we have in several recent cases *(see, e.g., Matter of East 55th St. Joint Venture v Division of Hous. & Community Renewal,* 162 AD2d 305; *Matter of 3505 Broadway Realty Corp. v New York State Div. of Hous. & Community Renewal,* 158 AD2d 347). The Division of Housing and Community Renewal would have had the option of choosing retroactive application of the less stringent requirements of the 1983 Omnibus Housing Act, if it had seen fit *(see, Matter of St. Vincent's Hosp. & Med. Center v New York State Div. of Hous. & Community Renewal,* 109 AD2d 711, 712, *affd* 66 NY2d 959), but it was not obliged to do so. An administrative agency is bound by prior determinations only where "the existence of sufficient factual similarity" between the two cases requires it *(Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 521). Such is not the case here.

We have considered petitioner's other arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Ellerin, Wallach and Smith, JJ.