■ In the Matter of BEBI H. BAIG, Appellant, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [608 NYS2d 303] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Division of Housing and Community Renewal, dated May 3, 1991, which confirmed so much of the determination of the District Rent Administrator, dated April 17, 1990, as found that the petitioner had overcharged the tenant, the petitioner appeals from a judgment of the Supreme Court, Kings County (Golden, J.) dated November 13, 1991, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, we find that the Division of Housing and Community Renewal (hereinafter DHCR) properly required that the petitioner produce rent

records dating from 1980 following the tenant's complaint of a rent overcharge in 1984. The Administrative Code of the City of New York provisions currently in effect require an owner to maintain records from four years prior to the initial or most recent registration of the housing accommodation (see, Administrative Code of City of NY § 26-516 [a] [ii]; [g]; *Matter of J.R.D. Mgt. Corp. v Eimicke*, 148 AD2d 610). Since the tenant's complaint of July 31, 1984, related to the 1984 registration of the apartment by the petitioner, the petitioner was required to produce records from 1980 under the New York City Administrative Code (see, Administrative Code of City of NY § 26-516 [a] [ii]; [g]). In view of the petitioner's failure to produce the necessary records, we find that the DHCR properly used an alternate formula to calculate the lawful rent (see, *Matter of 61 Jane St. Assocs. v New York Conciliation & Appeals Bd.*, 65 NY2d 898; *Matter of Drewbar Realty Co. v State of New York Div. of Hous. & Community Renewal*, 181 AD2d 617).

The petitioner's remaining contentions are without merit. Balletta, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.