■ In the Matter of JANOFF & OLSHAN, INC., Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [609 NYS2d 673] —In a proceeding pursuant to CPLR article 78 to review a determination of the State Division of Housing and Community Renewal, dated June 25, 1991, which affirmed an order of the District Rent Administrator, dated October 16, 1990, adjusting the initial legal regulated rent on the subject premises, the petitioner appeals from a judgment of the Supreme Court, Kings County (Shaw, J.), dated May 27, 1992, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In January 1980 the tenant filed a timely Fair Market

Rental Appeal with the Conciliation and Appeals Board (now the DHCR) challenging the initial legal regulated rent established for the apartment that he had rented the month before. In response to the agency's request, the petitioner owner submitted a list of comparable rents, which were rejected as relating to rent-controlled apartments. In August 1980 the agency, relying on the special guidelines promulgated pursuant to the Rent Stabilization Law, determined that the appropriate initial legal regulated rent was approximately $150 less than the monthly rent contained in the lease. After the petitioner commenced a prior proceeding pursuant to CPLR article 78, challenging that determination, upon stipulation of the parties, the case was reopened in order to give the petitioner a further opportunity to submit comparable rentals. The petitioner never availed itself of that opportunity, and in 1990 the agency's prior determination was reinstated.

Given that the petitioner failed to submit appropriate comparables after having been given numerous opportunities to do so, the agency's determination of the fair market rent for the apartment in question, which was reached by relying solely upon the special rent guidelines promulgated under the Rent Stabilization Law was not arbitrary and capricious *(see, Matter of Clarke Mgt. Corp. v Conciliation & Appeals Bd.,* 91 AD2d 517, *affd* 58 NY2d 1108). We reject the petitioner's contention that it was improperly required to produce records that were more than four years old *(cf., Matter of J.R.D. Mgt. Corp. v Eimicke,* 148 AD2d 610; Administrative Code of City of NY § 26-516 [g]). Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.