■ In the Matter of ARGO CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [620 NYS2d 6] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated January 28, 1993, *inter alia,* affirming an order of the District Rent Administrator, dated October 26, 1988, which, among other things, directed the petitioner to refund a rent overcharge, the appeal is from a judgment of the Supreme Court, Queens County (Milano, J.), dated July 14, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The New York State Division of Housing and Community Renewal (hereinafter the DHCR) has the authority, *inter alia,* to amend the Rent Stabilization Code and promulgate regulations to properly implement such an amendment *(see, Rent Stabilization Assn. v Higgins,* 83 NY2d 156, *cert denied* — US —, 114 S Ct 2693; *Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal,* 76 NY2d 325).

In affirming the order of the District Rent Administrator, dated October 26, 1988, the DHCR vacated an earlier order of the District Rent Administrator, dated August 29, 1986, which had dismissed a prior rent overcharge complaint by the same tenant. The DHCR properly applied Rent Stabilization Code § 2527.8 (9 NYCRR 2527.8) by vacating the order dated August 29, 1986, since the DHCR properly found that the August 29, 1986, order constituted an irregularity in a vital matter *(see, Matter of Silverstein v Higgins,* 184 AD2d 644), because neither the tenant nor the DHCR were parties to an "assurance of discontinuance" upon which the order was based.

Finally, DHCR Policy Statement 91-05, by its own terms, does not limit the time within which the DHCR may, *sua sponte,* reopen a matter. Copertino, J. P., Pizzuto, Santucci and Florio, JJ., concur.