In the Matter of **Daniel Ortiz**, Appellant, v **Donald Halperin**, as Commissioner of New York State Division of Housing and Community Renewal, et al., Respondents. [639 NYS2d 200]

Surrey filed a petition for administrative review (PAR). DHCR granted the PAR on constraint of *Matter of J.R.D. Mgt. Corp. v Eimicke* (148 AD2d 610, 612), which holds that a complaint must be processed in accordance with "the law as it existed at the time of the determination of the matter" rather than "the law as it existed at the time of the complaint" (*see also, Woodner Co. v Eimicke*, 160 AD2d 907). The law in effect at the time of the determination required the landlord to produce rent records for only the four-year period prior to the most recent registration of the premises (former Administrative Code § YY51-6.0.5 [g] [now § 26-516 (g)]). DHCR determined that, because Surrey had submitted a four-year rental history, the District Rent Administrator improperly applied the section 42 (A) default procedure in establishing the base rent and calculating the overcharge. DHCR further determined that there was no evidence that petitioner had been overcharged for the period in issue.

Petitioner commenced the instant CPLR article 78 proceeding to challenge that determination. Supreme Court erred in dismissing the petition. The Court of Appeals has made it clear that the law in effect when the rent overcharge complaint was filed (Code of Rent Stabilization Assn. of NY City, Inc. § 42 [A] [now codified at 9 NYCRR parts 2520-2530]) applies to petitioner's rent overcharge complaint (*see, Matter of Century Tower Assocs. v State of N. Y. Div. of Hous. & Community Renewal*, 83 NY2d 819, 822). We grant in part the petition, therefore, by annulling the determination, and we remit the matter to

DHCR to determine petitioner's rent overcharge complaint under the law in effect when the complaint was filed. (Appeal from Judgment of Supreme Court, Kings County, Ramirez, J.—CPLR art 78.) Present—Green, J. P., Lawton, Wesley, Doerr and Davis, JJ.