■ DAVID SHADICK, Respondent, v 430 REALTY Co. et al., Appellants. [673 NYS2d 3] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered June 26, 1997, which, insofar as appealed from, granted plaintiff's motion for summary judgment declaring that he is the legal tenant of the rent

controlled apartment vacated by his grandmother, unanimously affirmed, with costs.

We agree with the IAS Court that the Supreme Court was an appropriate forum for the instant declaratory judgment action commenced by plaintiff to establish his succession rights, since there was no summary proceeding pending in the Civil Court at the time the action was commenced, and defendants went forward with disclosure in the Supreme Court action without objection (compare, Cox v J.D. Realty Assocs., 217 AD2d 179). On the merits, we assume in defendants' favor that a person seeking succession rights under New York City Rent and Eviction Regulations (9 NYCRR) § 2204.6 (d) (1) must show a two-year period of primary residence immediately prior to the tenant's vacating of the apartment regardless of whether the tenant is a senior citizen. We find that such two-year period ended in April 1992 when plaintiff's grandmother moved into a nursing home, and conclude, as did the IAS Court, that the documentary evidence and plaintiff's uncontroverted testimony overwhelmingly show that the apartment was his primary residence during that period (see, Lesser v Park 65 Realty Corp., 140 AD2d 169, 174, lv dismissed 72 NY2d 1042; 300 E. 34th St. Co. v Habeeb, 248 AD2d 50). We have considered defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.