In the Matter of CLEAR HOLDING COMPANY, Appellant, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [702 NYS2d 329] —In a proceeding pursuant to CPLR article 78 to review a determination of Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated April 18, 1997, which modified a determination of the District Rent Administrator and directed the petitioner to refund a rent overcharge in the amount of $46,339.22, the petitioner appeals from a judgment of the Supreme Court, Queens County (Berke, J.), dated March 4, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In 1986, the tenants in the subject apartment filed a rent overcharge complaint with the respondent New York State Division of Housing and Community Renewal (hereinafter the DHCR). Despite repeated requests by the DHCR for the rent records necessary to establish the legal stabilized rent, the petitioner failed to submit a complete rent history for the subject apartment. Consequently, the District Rent Administrator calculated the rent by applying the DHCR default formula, and directed the petitioner to roll back the rent to $227.75 and refund an overcharge in the amount of $48,407.63. The Deputy Commissioner of the DHCR modified that determination by subtracting three months unpaid rent and reducing the total award to $46,339.22.

It is well settled that in reviewing the judgment on appeal, this Court is limited to the question of whether the determination of the DHCR had a rational basis and was not arbitrary and capricious (*see, Matter of Tener v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.,* 159 AD2d 270; *Matter of Mazel Real Estate v Mirabal,* 138 AD2d 600). Here, the petitioner failed to submit the rent records necessary to establish the legal stabilized rent for the subject apartment. Consequently, the DHCR had a rational basis for applying the default formula and its determination to roll back the rent was neither arbitrary nor capricious (*see, Matter of Derfner Mgt. Co. v New York State Div. of Hous. & Community Renewal,* 252 AD2d 555; *Matter of Ortiz v Halperin,* 225 AD2d 1099;

*Matter of Lavanant v State Div. of Hous. & Community Renewal,* 148 AD2d 185).

The petitioner's remaining contentions are without merit. Ritter, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.