[713 NYS2d 556]

In the Matter of ORIN MANAGEMENT CORP., Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant.

Second Department, October 2, 2000

### APPEARANCES OF COUNSEL

*Marcia P. Hirsch,* New York City (*Jan C. Rose* of counsel), for appellant.

### OPINION OF THE COURT

SMITH, J.

On this appeal, we are asked to determine if, in a proceeding pursuant to CPLR article 78, the Supreme Court properly annulled a determination of the New York State Division of Housing and Community Renewal (hereinafter the DHCR) in concluding that the subject rent overcharge complaint was time barred by application of the Rent Regulation Reform Act of 1997 and CPLR 213-a.

#### HISTORY AND FACTUAL REVIEW

Steven Rodman was a tenant residing in an apartment in a building located at 137-49 70th Avenue, in Flushing, Queens County. The owner and managing entity of the apartment building was the petitioner, Orin Management Corp. (hereinafter Orin). Rodman initially leased the apartment for a two-year period, commencing August 1977, at a monthly rental of $255. His rent was subsequently raised to $301 per month in 1979. He remained in that unit and his rent was eventually increased to $340.17 in 1982.

Rodman filed a rent overcharge complaint, dated February 24, 1984, with the New York City Conciliation and Appeals Board alleging that his initial rent and the subsequent increases were too high. By letter dated April 5, 1984, the Commissioner of the DHCR notified Orin that the rent overcharge complaint had been filed and requested that it provide "rent records [pursuant to former Code of the Rent Stabilization Association of New York City, Inc. (hereinafter RSC) § 42 (A)] for the subject apartment dating back to May 31, 1968, or

at least June 30, 1974, or the earliest date the apartment became subject to stabilization." Subsequently, by determination dated November 20, 1985, the District Rent Administrator for the DHCR found that the proper rent for the apartment was $224.67 per month and instructed Orin to pay Rodman $12,552.36, representing excess rent and treble damages. The determination was based primarily upon the misconception that Orin had not responded to the April 5, 1984 request for rental records.

Orin filed a Petition for Administrative Review (hereinafter PAR), dated December 19, 1985, contending that it had indeed supplied all the materials requested in compliance with former RSC § 42 (A). In reliance upon the documentation provided by Orin in its PAR, by order dated March 25, 1987, a Deputy Commissioner of the DHCR remitted the proceeding back to the District Rent Administrator for a new determination of the legal regulated rent based upon the rental history of the apartment as provided by Orin.

On April 20, 1990, the DHCR sent Orin a copy of Rodman's rent overcharge complaint and, when it did not receive an answer, it sent Orin a Final Notice of Pending Default issued May 21, 1990. In its response dated December 5, 1990, Orin reiterated that all leases, etc., had been submitted as required, and contended that although it had provided the leases which the DHCR had required, the leases were beyond the authority of the DHCR to consider pursuant to Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516 (g) (hereinafter RSL). In making that argument, Orin relied on the holding of this Court in *Matter of J. R. D. Mgt. Corp. v Eimicke* (148 AD2d 610), that pursuant to RSL § 26-516 (g), an owner need only supply the preceding four years of rental history. In *J. R. D.,* this Court found that the DHCR erred in applying the law in effect when the rent overcharge complaint was filed instead of the law in effect when it was determined. Orin concluded that by applying the law in effect on November 20, 1985, when the DHCR found that the proper rent for the apartment was $224.67, the applicable time period for consideration was the four-year period allowed by RSL § 26-516 (g). Because the apartment was not registered until April 1984, DHCR could only consider leases going back to April 1980. Orin contended that an analysis of those leases demonstrated that the rents charged Rodman were lawful and there should be no finding of rent overcharge.

The DHCR, by determination dated January 31, 1991, found that Orin had overcharged Rodman by wrongfully using a vacancy lease computation on a prior tenant who had not actually vacated the premises but had simply changed her name by marriage. By using this calculation, the DHCR rejected Orin's argument that it could only consider the rental history of the apartment post-April 1980, and directed Orin to pay $4,253.25.

On March 7, 1991, Orin filed a PAR concerning the January 31, 1991 determination, contending, *inter alia,* that the DHCR had ignored the holding in *Matter of J. R. D. Mgt. Corp. v Eimicke (supra),* which precluded the DHCR from considering the pre-1980 rental history. Orin charged that a failure to consider prevailing precedent was arbitrary, capricious, and an abuse of discretion. Further, although Rodman had filed his initial rent overcharge complaint prior to April 1, 1984 (the effective date of RSL § 26-516 [g]), Orin noted that the original determination was not made until November 20, 1985. Accordingly, Orin argued, the DHCR could only consider the four years prior to the apartment's registration in 1984.

By determination dated January 8, 1998, the DHCR denied the PAR and confirmed its determination dated January 31, 1991. The Deputy Commissioner of the DHCR wrote:

"The Commissioner notes that this proceeding was filed prior to April 1, 1984. Sections 2526.1 (a) (4) and 2521.1 (d) of the Rent Stabilization Code (effective May 1, 1987) governing rent overcharge * * * proceedings provide that determination of these matters be based upon the law or code provisions in effect on March 31, 1984. Therefore, unless otherwise indicated, reference to Sections of the Rent Stabilization Code (Code) contained herein are to the Code in effect on April 30, 1987.

"In this petition, the owner alleges in substance that pursuant to the decision in *J.R.D. Management v Eimicke,* 148 AD2d 718, 539, N. Y.S. 2d 669 (App. Div. 2d Dept. 1989), (hereinafter '*JRD*'), the Rent Administrator was precluded from considering a rental history more than four years prior to 1984.

"The Commissioner is of the opinion that this petition should be denied.

"With regard to the owner's contention that the DHCR was precluded from examining the rental history prior to 1980 pursuant to *JRD*, it is noted that since the issuance of the decision in *JRD*, the Appellate Division, First Department, in the case of *Lavanant v DHCR,* 148 AD2d 185, 544 N. Y. S. 2d 331 (1989), has issued a decision in direct conflict with the holding in *JRD*. The *Lavanant* court expressly rejected the *JRD* ruling, finding that the DHCR, in cases where a complaint is filed

prior to April 1, 1984, may properly require an owner to submit complete rent records, rather than records for just four years, and that such requirement is both rational and supported by the Law and legislative history of the Omnibus Housing Act. Further, the Court of Appeals in *Century Towers v DHCR*, 611 N. Y. S. 2d 491 (1994) affirmed the *Lavanant* decision and in effect overruled *JRD*. Therefore, in the instant case, the Rent Administrator properly considered the rental history from June 30, 1974 in the order under appeal herein."

In response to this determination, Orin, by notice of petition dated March 4, 1998, brought this proceeding pursuant to CPLR article 78 to review the January 8, 1998 determination as arbitrary and capricious and an abuse of discretion. In its petition Orin argued, *inter alia,* that the Rent Regulation Reform Act of 1997 (L 1997, ch 116 [hereinafter RRRA-97]), which became effective June 19, 1997, specifically provided that it is applicable "to any action or proceeding pending in any court or any application, complaint or proceeding before an administrative agency on the effective date of this act, as well as any action or proceeding commenced thereafter" (RRRA-97 § 46 [1]). Orin contended that by its clear and unequivocal language, RRRA-97 applies to this case regardless of whether the rent overcharge complaint was filed before or after April 1984. Orin argued that when RRRA-97 is read in conjunction with RSL § 26-516 (a) (i), effective in 1984, they establish a four-year Statute of Limitations for contesting rent over-charges. Orin cited CPLR 213-a, which precludes an examination of the rental history in rent overcharge allegations before the four years immediately preceding the filing of the complaint. Orin asserted that Rodman's claim was essentially time barred, and that the DHCR order was violative of the four-year Statute of Limitations provided in RSL § 26-516 (a), as amended by RRRA-97 and read in conjunction with CPLR 213-a.

In opposition to the petition, the DHCR argued, *inter alia,* that RRRA-97 was not intended to apply to complaints prior to April 1, 1984. The DHCR relied primarily on *Matter of Century Tower Assocs. v State of N. Y. Div. of Hous. & Community Renewal* (83 NY2d 819), in which the Court of Appeals held that the DHCR correctly applied the law in effect at the time of the filing of a complaint in rent overcharge cases. The effect on the present case, the DHCR contended, would be to allow it to consider all the rental leases for the subject apartment, thus substantiating its finding of an overcharge based on the leases from the 1970's.

In a memorandum accompanying a judgment dated February 1, 1999, Justice Golia agreed with Orin's position and determined that pursuant to RRRA-97 the applicable Statute of Limitations for this case is four years. Justice Golia then annulled the January 8, 1998 decision and order of the DHCR because that four-year Statute of Limitations would bar a rent overcharge complaint filed more than six years after the alleged overcharge.

Justice Golia traced the procedural history of the case. He then cited the appropriate portion of RRRA-97, as amended effective June 19, 1997, which essentially states that in rent overcharge claims, the challenge must be made within four years of the filing of the most recent rent registration statement (see, RRRA-97 § 33). Justice Golia cited CPLR 213-a, which states, *inter alia,* "no determination of an overcharge and no award or calculation of an award of the amount of any overcharge may be based upon an overcharge having occurred more than four years before the action is commenced." Justice Golia noted that RRRA-97 § 46, which specifically referred to RRRA-97 § 33, stated that the four-year limitation shall apply to any action or proceeding pending in any court, or any application, complaint, or proceeding before an administrative agency on the effective date of the legislation (also June 19, 1997). He concluded that by applying the "clear and explicit" statutory language of these amendments, the January 8, 1998 DHCR decision was incorrect and therefore annulled.

### ANALYSIS

The DHCR contends on appeal that the Supreme Court erred in annulling its determination on the ground that pre-April 1, 1984 rent overcharge complaints remain beyond the purview of RSL § 26-516, notwithstanding RRRA-97 §§ 33 and 46, that therefore the complaint was not time barred, and it could consider the rental history of the subject apartment beyond the four years immediately preceding the filing of the complaint. We disagree and affirm the judgment of the Supreme Court.

The standard of judicial review in a proceeding pursuant to CPLR 7803 (3) is "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion." Further, in a review of a determination of this nature, this Court is limited to the question of whether the determination of the DHCR was arbitrary and capricious and without rational support in the record (*see, Matter of Derfner Mgt. Co. v New York State Div. of*

*Hous. & Community Renewal,* 252 AD2d 555). RRRA-97 § 46 expressly provides that the provisions of, *inter alia,* section 33 shall apply to pending proceedings, including those before any administrative agency. These sections make no reference to the significance of the filing date vis-à-vis post-April 1, 1984 or pre-April 1, 1984, and therefore the amendments apply to *all pending rent overcharge complaints.* We note that the statute in effect when the Court of Appeals decided *Matter of Century Tower Assocs. v State of N. Y. Div. of Hous. & Community Renewal (supra)* which established the four-year Statute of Limitations, RSL § 26-516 (a), was silent on whether it applied to pending complaints or only those petitions filed after its effective date of April 1, 1984. That is in contrast to the statutes applicable in the present case, RRRA-97 §§ 33 and 46, which specifically state that they are to be applied to all pending complaints, and conspicuously making no reference to the filing date of the petition. Accordingly, by declining to apply these provisions, the DHCR's determination of January 8, 1998 was affected by an error of law, as that term is used in CPLR 7803 (3), and the Supreme Court properly annulled the determination.

The DHCR, on appeal, asks this Court to defer to its interpretation of these statutes because, as the governmental agency responsible for administrating the statutes, its administrative expertise in these areas renders it the body best capable of correct interpretation (*see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451). However, as in the present case, where the question is one of pure statutory interpretation dependent only on an accurate interpretation of legislative intent, "there is little basis to rely on any special competence or expertise of the administrative agency and its interpretative regulations are therefore to be accorded much less weight" (*Matter of Dworman v New York State Div. of Hous. & Community Renewal,* 94 NY2d 359, 371, citing *Kurcsics v Merchants Mut. Ins. Co., supra,* at 459).

In determining the legislative intent behind a particular statute, one of the cardinal rules is that all parts of the statute must be read and construed together (*see, Matter of Pilgrim Psychiatric Ctr.,* 197 AD2d 204; McKinney's Cons Laws of NY, Book 1, Statutes § 97). The Legislative and Executive Memoranda in support of RRRA-97 make it clear that the intent of the Legislature was to impose a stringent four-year Statute of Limitations for rent overcharge complaints (*see,* Governor's Mem approving L 1997, ch 116, 1997 McKinney's Session Laws

of NY, at 1923; Assembly Mem in Support, 1997 McKinney's Session Laws of NY, at 2107). One of the purposes of these 1997 amendments was to address the fact that "[e]xisting case law is not definitive on whether tenants can bring rent overcharge complaints for overcharges that occurred four or more years ago" (Assembly Mem in Support, 1997 McKinney's Session Laws of NY, at 2108). The Memorandum attached to the statute reads, "First, the four-year statute of limitations for rent overcharge cases has been reinforced by prohibiting challenges to the rent or the service of any registration four years prior to the most recent registration statement. Examination of the rental history by the Division of Housing and Community Renewal (DHCR) or a court with concurrent jurisdiction is limited to the four-year period to the date of the complaint" (see, Governor's Mem approving L 1997, ch 116, 1997 McKinney's Session Laws of NY, at 1923). Implicit in these statements is the legislative intent to limit review to four years. Further, the Legislature took into consideration the conflicting opinions of the various Appellate Divisions and the holding in *Matter of Century Tower Assocs. v State of N. Y. Div. of Hous. & Community Renewal* (83 NY2d 819, *supra*), when it enacted this legislation in 1997.

This Court has had an opportunity to address the impact of the RRRA-97 when specifically presented with the issue of implementing the four-year Statute of Limitations in a pending case in *Newgarden v Theoharidou* (247 AD2d 367). The facts presented in *Newgarden* concerned a lease which began in 1985 and the filing of the claim of rent overcharge commenced in 1991. The claim of rent overcharge specifically alleged acts committed in 1985. In an effort to perhaps circumvent the thorny issue of the four-year Statute of Limitations, the appellant couched her claim as one of fraud to attempt to benefit from a six-year Statute of Limitations. This Court concluded, "[t]he Supreme Court correctly determined that the plaintiff's complaint was time-barred by the four-year Statute of Limitations applicable to rent overcharge claims (see, CPLR 213-a). The gravamen of the plaintiff's complaint is for rent overcharges and she may not escape the limitations period set forth in the statute by couching it in terms of fraud" (*Newgarden v Theoharidou, supra,* at 367-368).

Based upon the foregoing analysis, we conclude that the various statutes currently in effect expressly apply a four-year Statute of Limitations upon any pending rent overcharge complaint being adjudicated either in a court or by the DHCR as an administrative agency. Therefore, the Supreme Court

properly annulled the January 8, 1998 determination of the DHCR, and the judgment is affirmed, without costs or disbursements.

Thompson, J. P., Friedmann and Florio, JJ., concur.

Ordered that the judgment is affirmed, without costs or disbursements.