■ In the Matter of ANTHONY OLSZEWSKI, Petitioner, v COMMISSIONER OF THE NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [717 NYS2d 196] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the State Division of Housing and Community Renewal, dated December 22, 1998, affirming an order of the District Rent Administrator dated August 21, 1991, which determined that the petitioner's property was subject to rent control.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the matter is remitted to the respondent for further proceedings consistent herewith.

The current tenant (hereinafter the tenant) of the subject property moved into her mother's rent-controlled apartment in January 1971, and continued to reside there after her mother's death in August 1971. In September 1971 the then-landlord served the tenant with a report of vacancy decontrol, which designated her as the legal tenant and raised her rent. The petitioner landlord purchased the subject building in 1977. In 1986 the tenant brought an overcharge complaint against the petitioner. After a hearing, the respondent determined that the premises in question are subject to rent control. We grant the petition and annul the determination.

The tenant is precluded from seeking succession rights as a rent-controlled tenant, because she did not live in the apartment for two consecutive years before her mother's death (see, Shadick v 430 Realty Co., 250 AD2d 417, 418; 9 NYCRR 2204.6 [d] [1]). Moreover, the tenant waited more than 14 years before asserting her claim for possession of the rent-controlled apartment. During that period, the tenant continued to pay a higher

rent, and the building was sold to a new landlord. The tenant's unreasonable delay precludes her from raising the claim that her apartment is subject to rent control (*see, Skrodelis v Norbergs,* 272 AD2d 316).

The matter is remitted to the respondent for further proceedings with respect to alleged rent overcharges under rent stabilization within the applicable Statute of Limitations (*see,* Rent Regulation Reform Act of 1997 [L 1997, ch 116, §§ 33, 46; *Matter of Orin Mgt. Corp. v New York State Div. of Hous. & Community Renewal,* 275 AD2d 126). Goldstein, J. P., McGinity, Luciano and Feuerstein, JJ., concur.