■ In the Matter of EARL PERRY et al., Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Appellants. [722 NYS2d 556] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, dated April 17, 1998, dismissing the petitioners' fair market rent appeal challenging the initial rent registration statement for their apartment, the New York State Division of Housing and Community Renewal and Bridgeview Associates, L. L. C., separately appeal from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered May 20, 1999, which granted the petition and vacated the agency's determination.

Ordered that the judgment is modified, by adding a provision thereto remitting the matter to the New York State Division of Housing and Community Renewal for a de novo determination of the petitioners' fair market rent appeal in accordance herewith; as so modified, the judgment is affirmed, without costs or disbursements.

The petitioners Earl and Juliette Perry (hereinafter the Perrys) filed a fair market rent appeal with the New York State Division of Housing and Community Renewal (hereinafter the agency) in September 1984, within 90 days of receipt of an apartment registration form from their landlord, John Loconsolo, the predecessor of the respondent Bridgeview Associates, L. L. C. (hereinafter referred to collectively as the landlord). The Perrys initially leased the apartment on July 1, 1980. The agency treated the Perrys' complaint as an application pursuant to the Rent Stabilization Law for an adjustment of the initial legal regulated rent. The apartment, which had been subject to rent control, became subject to the Rent Stabilization Law based on a vacancy which occurred after June 30, 1974. The Perrys challenged the rent on the ground that the initial rent charged after vacancy decontrol took effect exceeded the apartment's fair market rent (see, Administrative Code of City of NY § 26-513). Since the landlord was unable to provide any rent records in response to the Perrys' complaint for the years before 1978, the agency treated the rent charged in 1978 as the initial legal regulated rent and adjusted it to arrive at the apartment's fair market rent. The agency issued a decision in 1988 which determined that the fair market rent was $319.15 in 1978. The agency further determined that the landlord had overcharged the Perrys and directed it to refund $15,213 to the Perrys or credit that sum against future rent.

The landlord subsequently filed two administrative appeals, which were denied in 1995. Although given an opportunity by the agency, the landlord failed to offer proof that the Perrys were precluded from challenging the rent they were paying because the initial legal registered rent notice had been served upon a previous tenant, and the landlord did not offer comparables to justify the rent charged in 1978.

The landlord commenced a CPLR article 78 proceeding in which it argued that, pursuant to Administrative Code § 26-516, it was not required to produce rent records more than four years prior to the date the Perrys' complaint was filed, and, as a result, the Perrys were precluded from challenging the rent charged prior to 1980. The agency argued that the four-year limitation on the production of records did not apply to fair market rent appeals. The Supreme Court agreed with the agency's position. However, by order dated July 10, 1996, the Supreme Court (Vinik, J.), remitted the matter to the agency to address the landlord's contention that it was prejudiced in its ability to produce the requisite records because the agency delayed three years before serving it with the Perrys' complaint.

Two years later, on April 17, 1998, the agency issued a new order, which is the subject of this appeal, dismissing the Perrys' fair market rent appeal. The agency did not reach the issue of prejudice. Instead, the agency determined that provisions of the Rent Regulation Reform Act of 1997 (L 1997, ch 116, §§ 33, 34; hereinafter the RRRA), which amended CPLR 213-a and Administrative Code § 26-516, precluded any challenge to the rent charged more than four years before the filing of the Perrys' complaint. Since the landlord had charged only legal rent increases since 1980, no overcharges occurred. The Perrys commenced this CPLR article 78 proceeding to annul the agency's determination. The Supreme Court granted the petition on the ground that the agency was estopped from adopting a position based on the RRRA which was inconsistent with its prior opinions in this matter.

Contrary to the Supreme Court, we conclude that the agency properly applied the RRRA in determining the Perrys' complaint. RRRA § 33 was made applicable to any application pending before an administrative agency on June 19, 1997, the effective date of the legislation (*see,* RRRA § 46; *Matter of Orin Mgt. Corp. v New York State Div. of Hous. & Community Renewal,* 275 AD2d 126). Furthermore, the legislative history supports the agency's position that the four-year Statute of Limitations contained in Administrative Code § 26-516 (a) ap-

plies to fair market rent appeals (*see, Matter of Muller v New York State Div. of Hous. & Community Renewal*, 263 AD2d 296). The agency's interpretation of the RRRA is consistent with the legislative intent to limit the record-keeping requirements for apartment owners and results in the consistent treatment of the initial registration statement for purposes of a fair market rent appeal (*see,* Administrative Code § 26-513 [e]) and an overcharge complaint (*see,* Administrative Code § 26-516 [a] [ii]). Our decision in *Matter of Janoff & Olshan v Division of Hous. & Community Renewal* (203 AD2d 291) should no longer be followed as it predates the RRRA.

Accordingly, where a landlord can establish that an unchallenged annual registration statement was issued four years prior to the filing of a complaint with the agency, the rent charged in that statement is deemed the legal rent (*see,* Administrative Code § 26-516 [a] [i]). As to complaints filed within 90 days of the initial registration statement, the legal regulated rent is deemed to be the rent charged four years prior to the date of the initial registration "plus in each case, any [subsequent] lawful increases and adjustments" (Administrative Code § 26-516 [a] [ii]). Since a fair market rent appeal is a request for an "adjustment" of the initial rent, and the Legislature did not indicate any intent to eliminate fair market rent appeals, the RRRA does not limit a tenant's right to timely challenge the initial registered rent on the ground that it exceeds the fair market rent (*see,* Administrative Code § 26-513; *see also,* 9 NYCRR 2522.3 [a], as amended Dec. 20, 2000).

Here, the landlord consistently maintained throughout these lengthy administrative proceedings that the registration statement served on the Perrys in June 1984, was the *initial* registration statement. The agency determined that the Perrys filed their fair market rent appeal within the requisite 90 days (*see,* Administrative Code § 26-516 [a] [ii]; § 26-513 [b], [e]; 9 NYCRR 2522.3 [a], as amended Dec. 20, 2000). Consequently, there was no previous, unchallenged annual or initial registration statement which would preclude review of their fair market rent appeal. The record does not support the agency's determination that the rent charged four years prior to the filing of the Perrys' fair market rent appeal should be deemed the legal rent.

Pursuant to Administrative Code § 26-516 (g), a landlord who has "duly registered" a housing accommodation in accordance with the requirements of the Rent Stabilization Law is not required to produce rental records for more than the four-year period prior to the most recent registration statement.

Pursuant to Administrative Code § 26-516 (a) (2), the agency's examination of the rental history is limited to the four-year period prior to the filing of the complaint. We agree with the agency that the legislative history of the RRRA suggests that these record-keeping provisions apply equally to overcharge complaints and fair market rent appeals (*see, Matter of Muller v New York State Div. of Hous. & Community Renewal, supra*).

In the case at bar, the agency may not require the landlord to produce rental records for any period before September 1980. However, we find no merit to the landlord's contention that permitting the Perrys to continue to pursue their fair market rent appeal would violate Administrative Code § 26-516 (g). In response to the Perrys' appeal, the landlord provided rent records beginning in 1978; therefore it cannot reasonably claim any prejudice if the agency requires records from September 1980. Although any adjustment of the Perrys' rent as a result of the fair market rent appeal may require the agency to consider rent records for the 16-year period after the appeal was filed, that is due to the protracted nature of these proceedings. The RRRA does not limit the landlord's record-keeping responsibilities during the period that a fair market rent appeal is pending.

The dismissal of the Perrys' fair market rent appeal for the reasons stated by the agency was improper, and the matter is remitted to the agency for a de novo determination before which the Perrys are to be given an opportunity to be heard regarding the effect of the new Rent Stabilization Code (*see,* 9 NYCRR 2520.1 *et seq.,* as amended Dec. 20, 2000) on their fair market rent appeal. O'Brien, J. P., Krausman, Friedmann and Schmidt, JJ., concur.