■ In the Matter of REGAL HOMES, INC., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [731 NYS2d 630] —In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commis-

sioner of the respondent, the New York State Division of Housing and Community Renewal, dated November 17, 1999, which denied a petition for administrative review and affirmed an order of the Rent Administrator, dated November 19, 1998, which, upon reconsideration, revoked a prior order finding that the tenant's accommodation was rent stabilized, and determined that the accommodation was rent controlled, the petitioner appeals from a judgment of the Supreme Court, Kings County (Cammer, J.), dated June 30, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

We reject the argument of the petitioner, the owner of the subject apartment, that the New York State Division of Housing and Community Renewal (hereinafter the DHCR) violated its own Policy Statement 91-5 by reconsidering, *sua sponte*, the August 29, 1997, decision of the Rent Administrator more than 95 days after it was issued. The Policy Statement does not limit the time within which the DHCR may *sua sponte* reopen a matter for an "irregularity in a vital matter" (*Argo v New York State Div. of Hous. & Community Renewal*, 210 AD2d 323, 324). The DHCR's determination that the original decision was incorrect constitutes an irregularity as to a vital matter, authorizing reopening of the matter (*see, Matter of Silverstein v Higgins*, 184 AD2d 644, 645). Furthermore, the decision of the Rent Administrator, upon reconsideration, that the housing accommodation was subject to rent control has a rational basis in the record and is not arbitrary and capricious (*see, Matter of Clear Holding Co. v State Div. of Hous. & Community Renewal*, 268 AD2d 430). Therefore, the Supreme Court properly denied the petition and dismissed the proceeding. Krausman, J. P., S. Miller, Schmidt and Crane, JJ., concur.