■ In the Matter of Essex House, Appellant, v Division of Housing and Community Renewal, Respondent. [741 NYS2d 908] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, Division of Housing and Community Renewal, dated April 27, 2000, which confirmed the calculation by the rent administrator of the fair market rent of the subject apartment, the appeal is from a judgment of the Supreme Court, Queens County (Kitzes, J.), dated April 17, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contentions, the Division of Housing and Community Renewal (hereinafter the DHCR) properly rejected the comparable apartments the petitioner submitted in determining the tenant's fair market rent appeal. Even taking into consideration the recent amendments to Rent Stabilization Code (9 NYCRR) § 2522.3 (e), the comparable apartments submitted by the petitioner could not have been considered by the DHCR since the petitioner failed to submit the required documentation to establish when the comparable apartments first became rent stabilized. Accordingly, the DHCR's determination was not arbitrary or capricious (*see*

*Matter of Chios Realty Co. v Division of Hous. & Community Renewal*, 239 AD2d 497, 498; *Matter of Janoff & Olshan v Division of Hous. & Community Renewal*, 203 AD2d 291, 292).

The petitioner's remaining contentions are without merit. Ritter, J.P., Smith, Luciano and Crane, JJ., concur.