■ In the Matter of ELIO LOMAGNO, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [831 NYS2d 330]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Division of Housing and Community Renewal dated March 16, 2005, the petitioner appeals from a judgment of the Supreme Court, Kings County (Martin, J.), dated November 30, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The determination that the subject apartments are subject to rent stabilization has a rational basis in the record, and is not arbitrary and capricious or an abuse of discretion (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 231 [1974]; *Matter of Clear Holding Co. v State Div. of Hous. & Community Renewal,* 268 AD2d 430; *Matter of DiMaggio v Division of Hous. & Community Renewal,* 248 AD2d 533 [1998]). There is evidence in the record indicating that the subject building became rent stabilized when tax abatements went into effect for 20 years starting with the 1977/1978 tax year (*see* Administrative Code of City of NY § 26-504 [c]). While the abatement period has now expired, there is no indication that the tenants were given the requisite notice of its expiration, and therefore the apartments are still subject to rent stabilization (*see* Administrative Code of City of NY § 26-504 [c]; *East W. Renovating Co. v New York State Div. of Hous. & Community Renewal,* 16 AD3d 166 [2005]).

The petitioner's remaining contentions are without merit. Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.