■ In the Matter of JOHN P. LICCIARDI, Appellant, v VICKI BEEN et al., Respondents, et al., Respondent. [53 NYS3d 282]—

Judgment, Supreme Court, New York County (Shlomo S. Hagler, J.), entered November 18, 2015, denying the petition to annul the determination of respondent, Department of Housing Preservation and Development (HPD), dated April 7, 2015, that petitioner was not entitled to succeed to the tenancy of his deceased aunt's Mitchell-Lama apartment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination denying petitioner succession rights to the subject apartment has a rational basis (see *Matter of Pietropolo v New York City Dept. of Hous. Preserv. & Dev.*, 39 AD3d 406 [1st Dept 2007]). To succeed to the leasehold rights of a Mitchell-Lama apartment, a petitioner who is a senior citizen is required to make a three-part showing that he or she (1) is a member of the tenant's family; (2) resided with the tenant in the apartment as a primary residence for a period of not less than one year immediately prior to the tenant's permanent vacating of the apartment; and (3) has appeared on income documentation submitted by such tenant, i.e., income affidavits, recertifications or Section 8 forms, for at least the reporting period immediately prior to the permanent vacating of the apartment by the tenant (28 RCNY 3-02 [p] [3]).

Petitioner is unable to establish the second and third prongs of this standard. There are two relevant time periods: the time frame prior to petitioner's aunt (the tenant) vacating the subject apartment for a nursing home in 2009, and the time frame prior to her husband's vacating the apartment for a nursing home in 2011. The fact that petitioner did not appear on any income affidavits or other pertinent income documentation during these time periods, and that another address was listed

on his 2010 and 2011 tax returns precludes a finding that he was entitled to succession rights (28 RCNY 3-02 [n] [4] [iv]; *Matter of Studley v New York City Dept. of Hous. Preserv. & Dev.*, 277 AD2d 101 [1st Dept 2000]). Even if petitioner were able to satisfy the income affidavit requirement, he was still unable to prove that he was a co-resident of the subject apartment for the one-year period prior to vacatur (*cf. Shadick v 430 Realty Co.*, 250 AD2d 417, 418 [1st Dept 1998]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Renwick, Moskowitz and Kahn, JJ.