Matter of Pickholz v New York City Dept. of Hous. Preserv. & Dev. (2019 NY Slip Op 04468)





Matter of Pickholz v New York City Dept. of Hous. Preserv. & Dev.


2019 NY Slip Op 04468


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Sweeny, J.P., Renwick, Oing, Moulton, JJ.


9548 100014/17

[*1]In re Ruth Pickholz, Petitioner-Appellant,
v
New York City Department of Housing Preservation & Development, Respondent-Respondent.


David A. Bart, Fresh Meadows, for appellant.
Zachary W. Carter, Corporation Counsel, New York (MacKenzie Fillow of counsel), for respondent.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered December 18, 2017, denying the petition to annul a determination of respondent (HPD), dated September 13, 2016, which denied petitioner's application for succession rights to an apartment governed by the Mitchell-Lama housing program, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
HPD's denial of petitioner's application for succession rights to a Mitchell—Lama apartment has a rational basis and is not arbitrary and capricious (see CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Petitioner, a senior citizen whose sister was the tenant/cooperator, failed to establish that she resided with her sister in the apartment as a primary residence for a period of not less than one year immediately before her sister died (on March 31, 2016) and that she was listed on income documentation submitted by her sister for at least the reporting period immediately before her sister's death (see 28 RCNY 3-02[p][3]; Matter of Licciardi v Been, 149 AD3d 665 [1st Dept 2017]). Petitioner used another address on her 2015 New York State tax return and other documents (see Matter of Cyril v New York City Dept. of Hous. Preserv. & Dev., 140 AD3d 632 [1st Dept 2016], lv denied 28 NY3d 913 [2017]), and she was not listed on the income affidavits submitted to HPD by petitioner's sister for the years 2014 and 2015.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK