186 Norfolk LLC, Petitioner-Respondent,
against
Fernando Euvin, Respondent-Appellant.



Respondent Fernando Euvin appeals from a final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered October 18, 2017 after a nonjury trial, which awarded possession to petitioner in a holdover proceeding.




Per Curiam.
Final judgment (Jean T. Schneider, J.), entered October 18, 2017, affirmed, without costs.
Giving due deference to the trial court's findings of fact and credibility, we find no cause to disturb the court's ultimate determination denying respondent Fernando Euvin succession rights to the subject rent stabilized apartment. The trial record shows that respondent and the non-party tenant (respondent's former wife), engaged in a persistent and systematic pattern of deception whereby they purposefully concealed respondent's occupancy status for more than two decades. As the trial court found, respondent "made certain statements and took certain actions in this period to mislead the petitioner about [tenant's] whereabouts and the relationship." In this regard, neither respondent nor tenant ever informed petitioner that they divorced in 1987 and that tenant vacated the apartment and moved to Florida in the early-1990s. Respondent also signed tenant's name on renewal leases, money orders for rent payments and apartment-work orders for many years after tenant moved out. Moreover, despite the divorce and tenant's relocation many years earlier, tenant faxed a letter to petitioner in November 2003, stating "Please allow my husband Fernando Euvin to pick up our apt [sic] keys. I am unable to do so because I am in Florida on a business matter," and in August 2013, she sent petitioner a letter stating that she was vacating the apartment where "I have resided with my husband, Fernando Euvin, since approximately 1980." Respondent's course of deception also continued through August 2013, when he intentionally held himself out as tenant's current "husband" - even supplying petitioner with a copy of his marriage certificate - long after the parties were legally divorced and residing separately.
On this record, and considering the severity and duration of the deceptive conduct, respondent must be deemed to have waived any claim that he might have had to succeed to the tenancy (see South Pierre Assoc. v Mankowitz, 17 Misc 3d 53 [App Term, 1st Dept 2007]). The law is settled that succession rights are not automatically vested in a potential successor upon the [*2]departure of a stabilized tenant, but remain inchoate until the occupant's "status as a qualified successor [is] ratified by judicial determination at a time after the tenant's death" (245 Realty Assoc. v Sussis, 243 AD2d 29, 33 [1998]), with the evidentiary burden on the succession issue resting with the claimed successor (see Rent Stabilization Code [9 NYCRR] § 2523.5[e]). To ensure the fair and orderly resolution of succession disputes, the governing Code provision (see 9 NYCRR § 2523.5[b][1]) contemplates the timely interposition of succession claims via a procedure described in the case law as follows:
"... in the ordinary course of events, a family member, who remains in the apartment following the departure of the named tenant, will receive a renewal notice towards the end of the lease term, directed to the named tenant; the recipient will thereupon inform the landlord of the tenant's departure as well as his status as a family member; and, assuming there is no dispute regarding his status, the surviving family member will receive a renewal lease designating him tenant of record" (245 Realty Assoc. v Sussis, 243 AD2d at 32—33 [internal quotation marks and citation omitted]).
Here, the long-term ruse carried out by respondent and tenant "represent[ed] a substantial departure from the ordinary course" (Hughes v Lenox Hill Hosp., 226 AD2d 4, 14 [1996], lv dismissed in part and denied in part 90 NY2d 829 [1997]) and, by necessity, unduly prejudiced petitioner in the prosecution of its eviction claim. Indeed, the prolonged efforts to actively conceal the 1987 divorce and tenant's early-1990s departure from the premises prevented petitioner from undertaking a contemporaneous investigation into the emotional and financial underpinnings of respondent's "nontraditional" family member succession claim (see Braschi v Stahl Assoc. Co., 74 NY2d 201 [1989]). The prejudice to landlord of having to defend against the quarter of a century old succession claim interposed here is self-evident.
BPP ST Owner LLC v Nichols, 63 Misc 3d 18 (App Term, 1st Dept 2019), on which defendant relies, is distinguishable. There, unlike here, the son of the stabilized tenant resided in the apartment for some 30 years with the knowledge of landlord; he was declared to be an occupant of the apartment on all available lease renewals and tenant made repeated unsuccessful requests to landlord to add her son to the lease.
We also reject, as did the trial court, respondent's contention that he is entitled to succession rights under rent control, given that tenant signed stabilized leases and respondent later signed stabilized renewal leases in tenant's name for more than 20 years without ever asserting rights under rent control (see Matter of Olszewski v Commissioner of NY State Div. of Hous. & Community Renewal, 277 AD2d 386 [2000]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 06, 2019