Herbert Shapiro, J.
In this action, seeking, in substance, a recovery for rent overcharges allegedly made in violation of the rent control law, defendant moves: (1) for summary judgment on the grounds that the action is time-barred; and (2) if summary judgment be granted, to vacate a demand for a bill of particulars. Plaintiff cross-moves for judgment and, in the alternative, for leave to file an amended complaint.
The original complaint consists of two causes of action. The first seeks to recover treble damages for rent overcharges allegedly demanded and received by the defendant landlord from the plaintiff tenant for the year 1972. The second cause, although purportedly based upon false representations as to the legally permissible rental, is likewise, in substance, an action for rent overcharges and I find it so to be.
In the light of the uncontroverted statement with respect to the dates of commencement of this action (i.e., February 25, 1975 and April 6, 1975 as to the respective defendants), it is clear that section Y51-11.0 (subd d, par [2], cl [a]) of the Administrative Code of the City of New York outlaws the two causes of action. This is so since the action was commenced more than two years after the "date of the occurrence of an overcharge”. Accordingly, the original complaint must be dismissed.
Plaintiff, apparently recognizing the inevitability of an order dismissing the complaint, now cross-moves, inter alia, for leave to interpose an amended complaint.
An examination of the amended complaint reveals that the plaintiff now seeks to recover the rent overcharges based upon section Y51-11.0 (subd d, par [2], cl [b]) of the Administrative Code of the City of New York; liability being sought to be imposed thereunder because of the defendant’s failure to comply with an order of New York City Office of Rent Control, dated October 16, 1975. That order, it is claimed, directed the return by defendants to plaintiff of all rent collected in excess of the legally permissible maximum.
As is stated by plaintiff, the basis for the cause of action set forth in the amended complaint is section Y51-11.0 (subd d, par [2], cl [b]) rather than Y51-11.0 (subd d, par [2], cl [a]) as in the original complaint. Clause (b), now relied upon, provides that a tenant may bring an action against a landlord for overcharges "within one year after the landlord fails to pay a refund as ordered by the city rent agency, such time to be calculated from thirty-three days after the date of the issu *194 anee of the order or when the order becomes final, whichever is later”.
Plaintiff contends that the order of October 16, 1975, set forth in the amended complaint, now constitutes a new basis upon which the action may be preserved against the attack of the same being time-barred. This is so, plaintiff argues, since the amended complaint has been offered well within the one year and 33 days’ period of limitation set forth in clause (b) as hereinabove set forth.
Defendant, on the other hand, argues, inter alia, that the Statute of Limitations having run with respect to the action set forth in the original complaint, the plaintiff may not now rely upon another subdivision of the same section to, in effect, revive a time-barred cause.
While it may be that the defendant’s argument in this regard may have some merit on a "logical” basis, I am convinced that the clear language of section Y51-11.0 (subd d, par [2]) dictates to the contrary.
The section clearly provides that a tenant may bring an action against the landlord "(a) within two years from the date of the occurrence of an overcharge * * * or (b) within one year after the landlord fails to pay a refund as ordered by the * * * agency”. (Emphasis supplied.) The language is clearly in the disjunctive and nowhere provides that the expiration of the two-year period set forth in clause (a) is a bar to the institution of an action under clause (b).
While the defendant submits no authority requiring a contrary conclusion, my view of the meaning and intent of the statute finds support in the holding of Judge Sherman of the New York County branch of this court in Kleiver v Bobick (74 Misc 2d 1051).
It then remains to be determined whether the "order” of October 16, 1975, constitutes the type of order set forth in clause (b) of the statute. I conclude that it does not.
The order relied upon does not, in legal contemplation, order the landlord to "pay a refund” to the tenant. First, the form of the document is not such as to persuade that it is even an order. To the contrary, it is denominated as a "Notice of Disposition of Tenant’s complaint of alleged violation”. Second, none of the printed language of the form is decretal in nature. Third, the notice states: "With reference to your complaint we are closing our files for the reason checked *195 below:”. Fourth, the reason inserted and checked reads as follows: "In reference to the alleged overcharge, landlord is obligated to give tenant credit against rent for any overcharge due. If this is not done, tenant may institute Court action for up to 3 times the amount of overcharge plus court costs and reasonable attorneys fee. Note: a landlord is obligated to refund only that part of an overcharge collected during his ownership of the Building”.
It is clear to me that the document relied upon contains none of the requisites of an order "to pay a refund”. The amount of overcharge to be refunded is not set forth. No dates during which it was found that such overcharges were made are stated. Indeed, a careful reading of the document reveals that no finding is even made that an overcharge had been made. All that the notice does, in effect, is to advise the tenant of his statutory right to bring a lawsuit, if, indeed, there were an overcharge. By no reasonable construction may it be said that this document relied upon by plaintiff is the "order” contemplated in clause (b).
Nor do I find any merit to the plaintiff’s contention that the defendants are estopped to assert the time bar as a defense by reason of the alleged false representations of the landlord’s agent to the plaintiff to the effect that the rent collected was a lawful one. It is clear from the plaintiff’s own affidavit that he was advised by the Rent Control Office on May 8, 1973 that the permissible maximum rental for his apartment was $144.52 per month rather than the monthly rental of $166.20 allegedly demanded and collected by the defendants. In such circumstances, the assertion of estoppel to avoid the impact of the period of limitation is frivolous and without merit.
In the light of my conclusions, as aforesaid, the matter before me is disposed of as follows: (1) the branch of the motion of defendant seeking summary judgment is granted and the complaint dismissed as being time-barred; (2) the branch of defendant’s motion seeking to vacate the plaintiff’s demand for a bill of particulars is denied as having become moot by reason of the grant of summary judgment to defendant; (3) the branch of the cross motion of the plaintiff seeking summary judgment against the defendant is denied; (4) the branch of the cross motion seeking judgment by reason of the defendant’s failure to timely serve an answer is denied — the said omission having been waived by plaintiff; and (5) the request for leave to file an amended complaint is denied upon *196 the ground that the proffered amended complaint contains a cause of action that is legally insufficient as hereinabove discussed.