OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner owns a high-rise apartment building in Riverdale, New York, which is subject to the Rent Stabilization Law (RSL), as well as an adjacent parking garage. In 1981, a tenant filed a complaint with the New York City Conciliation and Appeals Board (CAB) — respondent State Division of Housing and Community Renewal’s (DHCR) predecessor — alleging he was being overcharged for his garage parking space by Netherland Operating Corp., the operator of the garage under contract with petitioner. In 1983 the CAB, and in 1985 after a de nova hearing the DHCR, determined that the garage was subject to the RSL and that petitioner was responsible for the overcharges, established what the lawful charges would have *822 been, ordered a refund for the complainant tenant, and ruled that its determination applied to "all tenants similarly situated”. In a CPLR article 78 proceeding challenging the agency’s determination, the Appellate Division fully upheld DHCR’s position, and further held that because this garage service was a building-wide service the determination applied to all tenants of the building using such service (Matter of Netherland Operating Corp. v Eimicke, 135 AD2d 352, lv denied 71 NY2d 802).
DHCR thereafter conducted extensive compliance proceedings which resulted in the issuance of compliance orders concerning "similarly situated” tenants who rented garage spaces as of the original 1983 CAB order, established lawful charges, directed refunds of overcharges and imposed treble damages for overcharges collected after April 1, 1984, the delayed effective date of the Omnibus Housing Act of 1983 (L 1983, ch 403) which revised the Rent Stabilization Law. After pursuing unsuccessful administrative review, petitioner instituted the instant article 78 proceeding; Supreme Court dismissed the petition, agreeing with DHCR that the pre-April 1, 1984 RSL applied to the claims of the similarly situated tenants and allowed recovery of all overcharges. The Appellate Division affirmed (189 AD2d 567). We granted leave to petitioner, and now affirm.
Petitioner contends that the amended RSL, which provides, inter alla, for a four-year Statute of Limitations on overcharge complaints (see, Administrative Code of City of NY § 26-516 [a] [2]; [g]), should be applied to and limit the overcharge claims of the similarly situated tenants because they did not file individual complaints in 1981 (or prior to Apr. 1, 1984), and, at the earliest, filed them in 1988 when they responded to questionnaires sent as part of the instant compliance proceedings. We agree with Supreme Court’s reasoning, that the "within compliance proceedings are not separate but rather are the culmination of the long circuitous litigation directly traceable to and interconnected with the original 1981 complaint”. Thus, DHCR rationally concluded that the imposition of overcharge orders for similarly situated tenants in these compliance proceedings relates back to the original 1981 complaint.
Moreover, petitioner, having represented to its tenants as far back as 1983 that they should continue to pay the rentals "without prejudice to their rights [to a credit of any overcharge]”, is estopped from challenging the similarly situ *823 ated tenants’ failure to file individual claims. Consequently, their overcharge claims were reasonably deemed filed before April 1, 1984, and although resolved thereafter, DHCR correctly applied the law in effect at the time of the filing, i.e., Code of the Rent Stabilization Association of New York City, Inc. § 42 (A) (now codified at 9 NYCRR parts 2520-2530) (see, Matter of Lavanant v State Div. of Hous. & Community Renewal, 148 AD2d 185; see also, Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [4] [eff May 1, 1987]; Omnibus Housing Act § 20; contra, Matter of J.R.D. Mgt. Corp. v Eimicke, 148 AD2d 610).
Petitioner’s claim that DHCR’s imposition of treble damages was improper is also rejected. The Omnibus Housing Act of 1983 provides for treble damages for overcharges collected after the Act’s effective date (Apr. 1, 1984) unless the owner establishes that the overcharges were not willful (see, Administrative Code § 26-516 [a]). That section permits imposition of treble damages to pending overcharge cases where overcharges are willfully collected after the effective date. There being record support and a rational basis for DHCR’s finding that petitioner failed to establish the nonwillfulness of the overcharges, the imposition of treble damages will be upheld.
Finally, petitioner is incorrect in claiming entitlement— in the calculation of lawful garage charges — to be credited with the 2.2% annual rental increase (above guideline increases) afforded to owners of buildings benefited by RPTL 421-a tax abatements to compensate for the annual diminution in tax benefits. DHCR’s interpretation of the regulation which authorizes the 2.2% increase as inapplicable to rental charges on garage spaces (where the garage does not receive the tax abatement) is rational and will not be disturbed (see, Matter of Salvati v Eimicke, 72 NY2d 784, 791).
We have examined petitioner’s remaining contentions and find them also to be without merit.
Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur; Judge Titone taking no part.
Order affirmed, with costs, in a memorandum.