■ In the Matter of STEVEN FINANDO, Respondent. SUNSOURCE HEALTH PRODUCTS, INC., et al., Appellants. [641 NYS2d 384] —In a proceeding pursuant to Business Corporation Law § 1104-a for judicial dissolution of a close corporation, Sunsource Health Products, Inc., Sunsource Corp., and Tina Sohn appeal from so much of (1) an order of the Supreme Court, Nassau County (O'Brien, J.), dated July 28, 1994, as determined to continue the proceeding in the absence of Tina Sohn, and (2) an order of the same court, dated January 13, 1995, as, upon reargument, determined that Tina Sohn was not a necessary party required to be joined in the proceeding pursuant to CPLR 1001, and adhered to the previous determination to continue the proceeding in her absence.

Ordered that the appeal from the order dated July 28, 1994, is dismissed, as that portion of the order appealed from was superseded by the order dated January 13, 1995, made upon reargument; and it is further,

Ordered that the order dated January 13, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The petitioner alleges that he is the owner of more than 20% of the outstanding shares of Sunsource Health Products, Inc. (hereinafter Sunsource), a domestic corporation. In July 1993, the petitioner commenced this proceeding to dissolve Sunsource pursuant to Business Corporation Law § 1104-a, which permits holders of more than 20% of the outstanding shares of a corporation to petition for involuntary dissolution on the ground, *inter alia,* that corporate assets are being looted, wasted, or diverted for noncorporate purposes by those in control of the corporation. In his original petition, the petitioner averred that he and Robert Sohn, who is the president of Sunsource, were the corporation's sole shareholders. However, Sohn maintains that his wife Tina Sohn is actually the true owner of the shares claimed by the petitioner.

After receiving notice of the proceeding in accordance with Business Corporation Law § 1106, Tina Sohn moved to dismiss the proceeding, contending that she was a necessary party to the court's resolution of the threshold issue of whether the petitioner actually owns at least 20% of the corporation's shares and is thus entitled to seek dissolution of Sunsource. Tina Sohn further contended that the petitioner could not proceed with his petition for dissolution because she is a resident of Hawaii, and the New York Supreme Court therefore lacks personal jurisdiction over her.

Contrary to the appellants' contentions, the Supreme Court properly concluded, upon reargument, that the petitioner may proceed with his application for dissolution despite the fact that the court lacks personal jurisdiction over an individual who claims to be a shareholder of the corporation. Here, the court acquired jurisdiction over the corporation and "all persons interested in the corporation" upon compliance with the statutory notice provisions set forth in Business Corporation Law § 1106. While the circumstances of this case do require the court to conduct a preliminary hearing to determine the ownership of the disputed shares before the petition for dissolution can proceed on its merits (*see,* Business Corporation Law § 1109; *Matter of Kournianos [H.M.G., Inc.],* 175 AD2d 129; *Matter of Ricci v First Time Around,* 112 AD2d 794; *Matter of Gordon & Weiss,* 32 AD2d 279), there is no authority for the appellants' assertion that the court must have personal jurisdiction over all putative stockholders in order to conduct such a hearing. Moreover, it would be impracticable to require a foreign court, which does not have jurisdiction over a proceeding to dissolve a New York corporation, to make a threshold factual finding concerning the petitioner's ownership of the

Sunsource shares which will be integral to the ultimate determination of whether a dissolution should occur. Accordingly, the Supreme Court properly concluded that its jurisdiction over this dissolution proceeding permits it to resolve the issue of whether the petitioner does indeed own more than 20% of the outstanding shares of Sunsource. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.