■ In the Matter of DAVID CHRISTY, Appellant, v JOSEPH LYNCH et al., Respondents. [686 NYS2d 431] —Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered April 17, 1998, which denied and dismissed petitioner's CPLR article 78 petition seeking to annul the determination of respondent, Acting Commissioner of the New

York State Division of Housing and Community Renewal (DHCR), which granted the Petition for Administrative Review (PAR) filed by respondents Park and 76th Street, Inc. and Gumley-Haft, Inc. (collectively, the landlord), and vacated so much of a decision of the District Rent Administrator as directed the landlord to refund or credit to petitioner the amount of rent collected in excess of the lawful regulated rent for the subject rent controlled apartment, unanimously reversed, on the law and the facts, without costs, the petition granted, and the matter remanded to Supreme Court for further proceedings, including determination of the amount of the overcharge.

On or about December 23, 1986, petitioner tenant filed a *pro se* rent overcharge complaint with the DHCR Office of Rent Administration. Then, in January 1988, petitioner retained BLS Legal Services, which commenced an action in Supreme Court seeking a declaratory judgment that the subject premises, a basement apartment located at 830 Park Avenue, are subject to rent control. Supreme Court (Robert F. Doran, J.) stayed the pending administrative proceeding and ultimately rendered a judgment (denominated order) filed February 13, 1991. The judgment declares that the apartment has been continuously leased from the landlord by petitioner since August 1, 1969, that the premises are subject to rent control and that the maximum legal rent is $125 a month. It further declares that all subsequent leases entered into between petitioner and the landlord in excess of that rental amount to be null and void. No appeal was taken from this judgment.

Thereafter, on August 21, 1991, petitioner requested DHCR to reopen the rent overcharge proceeding. On July 30, 1993, the District Rent Administrator issued a Notice of Disposition of the overcharge complaint, finding that "the Maximum Collectible Rent for the above housing accommodation is $125.00 per month, effective June 1, 1950, to the present." The notice further advised the landlord that "any rent collected in excess of the rent cited herein commencing two (2) years from [sic] the filing of this proceeding, December 23, 1986, should be refunded or credited to the tenant in full within thirty (30) days" of the date of the notice.

The landlord filed a PAR challenging the authority of DHCR to direct the landlord to refund the overcharge. In a determination dated October 17, 1996, Deputy Commissioner Paul Roldan granted the landlord's PAR, vacating that portion of the order of the District Rent Administrator which directed the landlord to refund the amount of the excess rent collected from

petitioner. The Deputy Commissioner reasoned that "DHCR is empowered to issue orders directing a rent refund *only* in such instances where the lawful rent is 'in dispute', in accordance with Section 2202.22 of the Rent and Eviction Regulations * * * The courts have consistently interpreted the provision to apply to those instances where the lawful rent is either unknown or has never been determined, which is clearly not the instant case."

Petitioner then brought this article 78 proceeding for an order annulling the agency's determination or, in the alterative, compelling the landlord to credit petitioner with the amount of the overcharge. In opposition, DHCR asserted that, by failing to file his own PAR challenging the District Rent Administrator's failure to calculate the overcharge, petitioner has failed to exhaust his administrative remedies and may not seek judicial review of the alleged omission. The agency further argued that petitioner sought and obtained a court order fixing the maximum rent for the basement apartment and that, under the circumstances, his only recourse is to seek monetary relief before a court of law (citing 9 NYCRR 2206.8 [b]; *Mejia v Dorgland Realty Co.*, 85 Misc 2d 192). Supreme Court agreed, holding that the agency is without jurisdiction to direct a refund or credit of the excess rent because such authority is limited to those instances in which the lawful regulated rent for the subject housing accommodation is unknown (9 NYCRR 2202.22 [b]). Therefore, Supreme Court held that the Deputy Commissioner's ruling is supported by a rational basis in law and fact and may not be disturbed (citing *Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, *affd* 58 NY2d 952).

Supreme Court's ruling puts petitioner in the anomalous position of having prevailed on the issue of the rent controlled status of the premises without having any means to recover the resulting rent overpayment. It is settled that the courts are empowered to determine the rent controlled status of a dwelling unit (*Swift v 130 W. 57th St. Corp.*, 26 NY2d 714, 716). The courts are also statutorily granted the power to hear rent overcharge complaints (New York City Rent and Rehabilitation Law [Administrative Code of City of NY] § 26-413 [d] [2]). Respondent DHCR is authorized to set the maximum lawful rent and to issue an order directing the landlord to refund any amounts collected in excess thereof, with relief limited to the period commencing two years prior to the filing of the overcharge complaint with the agency (New York City Rent and Rehabilitation Law § 26-412 [a]; § 26-413 [c] [3]; 9 NYCRR

2202.22 [b]). In this case, petitioner filed his complaint in December 1986 and, in January 1988, brought a declaratory judgment action before Supreme Court, which thereupon stayed the administrative proceeding. The amount of rent was in dispute on both dates, and the subsequent decision by Supreme Court did not divest the agency of the power to issue an order requiring the landlord to refund any overcharge, as the District Rent Administrator implicitly recognized. The ultimate resolution of the various actions and proceedings represents " 'the culmination of the long circuitous litigation directly traceable to and interconnected with the original * * * complaint' " (*Matter of Century Tower Assocs. v State of N. Y. Div. of Hous. & Community Renewal*, 83 NY2d 819, 822). The determination of the Deputy Commissioner deleting the refund provision from the agency's order is without a rational basis and, therefore, arbitrary and capricious. We remand to Supreme Court in the interest of bringing this matter to an expeditious conclusion. Concur—Rosenberger, J. P., Lerner, Rubin and Mazzarelli, JJ.