*632 OPINION OF THE COURT
Memorandum.
In Matter of Mengoni v New York State Div. of Hous. & Community Renewal, the order of the Appellate Division should be affirmed, with costs. In Matter of Orin Mgt. Corp. v New York State Div. of Hous. & Community Renewal, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this memorandum.
The issue in both cases is whether the four-year limitations period set forth in the Administrative Code of the City of New York § 26-516 (Rent Stabilization Law [RSL], as amended by Rent Regulation Reform Act of 1997 §§ 33, 46 [RRRA-97]), retroactively applies to a rent overcharge complaint filed prior to April 1,1984, the effective date of RSL § 26-516. We conclude that it does not.

Mengoni v DHCR

Petitioner Mengoni, the landlord, owns a rent-stabilized apartment building in Manhattan. In March 1984, respondent York, a tenant, filed a rent overcharge complaint with the New York City Conciliation and Appeals Board (the predecessor agency to DHCR), alleging that since January 1983, the landlord had been charging a rent that exceeded the legal limit. In 1986, the local Rent Administrator rejected the claim. The tenant filed a Petition for Administrative Review (PAR), which ultimately resulted in DHCR awarding a treble-damage refund of rent overcharges from 1983 through 1990. The landlord brought a CPLR article 78 proceeding. Supreme Court remanded the matter to DHCR for a de novo hearing. The Appellate Division reversed and reinstated DHCR’s determination, holding that RRRA-97 did not apply to rent overcharge proceedings filed prior to April 1, 1984. We now affirm.

Orin v DHCR

Petitioner-landlord owns a rent-stabilized apartment building in Queens. In March 1984, a tenant in the building filed a rent overcharge complaint with the New York City Conciliation and Appeals Board, alleging that since August 1977, the landlord had been charging a rent that exceeded the legal limit. The District Rent Administrator ultimately determined that the landlord had overcharged the tenant $4,253.25 for the period of August 1, 1977 through July 31, 1985. The landlord then filed a PAR from the Rent Administrator’s order. During *633 the pendency of the PAR, the Legislature passed RRRA-97 (eff June 19, 1997), amending the Rent Stabilization Law to preclude DHCR from calculating rent overcharges based upon rent history dating back more than four years from the filing of the complaint. Nevertheless, DHCR denied the PAR and confirmed the Rent Administrator’s order.
Supreme Court granted the landlord’s article 78 petition and annulled the DHCR order, holding that RRRA-97 was intended to bar retroactively, as of its effective date, any pending rent overcharge complaints that were not filed within four years of the first alleged overcharge. The Appellate Division affirmed, holding that RRRA-97 § 46 expressly provided that its provisions applied to all pending complaints and made no reference to the date the complaint was filed. We now reverse.
The Omnibus Housing Act of 1983 (L 1983, ch 403) revised the RSL to include a four-year statute of limitations for rent overcharges. At that time, it was unclear whether the four-year limitations period applied to rent overcharge complaints filed prior to April 1, 1984. In Matter of Century Tower Assocs. v State of New York Div. of Hous. & Community Renewal (83 NY2d 819, 823), this Court held that the law in effect at the time the complaint was filed applied to all overcharge complaints filed prior to April 1, 1984. The practical effect of that decision is that the four-year limitations period does not apply in calculating the rent overcharge alleged in complaints filed prior to April 1, 1984 and thus the entire rent history of a tenant may be considered.
In 1997 the Legislature passed the Rent Regulation Reform Act of 1997 (RRRA-97, L 1997, ch 116). Section 33 of the RRRA-97 amended RSL § 26-516 to preclude DHCR from calculating rent overcharges based upon a rent history prior to the four-year period preceding the filing of a complaint “pursuant to this subdivision.” Section 46 of RRRA-97 provides that section 33 “shall apply to any action or proceeding pending in any court or any application, complaint, or proceeding before an administrative agency on [its] effective date.” We reject the contention that this language applies to cases brought before April 1, 1984. Because RSL § 26-516 became effective April 1, 1984, complaints filed prior to that date “are not complaints pursuant to section 26-516 (a), and ***[§] 33 [of the RRRA97] is by its terms inapplicable to them” (Matter of Greenberg Real Estate v Division of Hous. & Community Renewal, 258 AD2d 313).
In both cases now before us, the rent overcharge complaints were filed before April 1, 1984, and section 33 is therefore *634 inapplicable. The overcharge complaints are thus not limited to a four-year limitations period, and in both cases, it was appropriate to review the entire rental history.
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
In Mengoni v New York State Div. of Hous. & Community Renewal: On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.
In Matter of Orin Mgt. Corp. v New York State Div. of Hous. & Community Renewal: On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and matter remitted to Supreme Court, Queens County, for further proceedings in accordance with the memorandum herein.