■ In the Matter of G. ROTH & SONS, Respondent, v COMMISSIONER, DIVISION OF HOUSING AND COMMUNITY RENEWAL OF THE STATE OF NEW YORK, Appellant. [739 NYS2d 641] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner, Division of Housing and Community Renewal of the State of New York, dated May 14, 1998, which confirmed a determination of the District Rent Administrator dated September 21, 1995, inter alia, finding that G. Roth & Sons had collected a rent overcharge, the appeal is from a judgment of the Supreme Court, Kings County (Dowd, J.), dated October 23, 2000, which, in effect, granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the determination dated May 14, 1998, is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

Contrary to the petitioner's contention, the appellant, the Commissioner, Division of Housing and Community Renewal of the State of New York, properly reviewed the entire rental history of the subject apartment. Since the rent overcharge complaint in question was filed on March 31, 1984, it was not subject to the four-year statute of limitations (*see* CPLR 213-a; Administrative Code of City of NY § 26-516 [a] [2]; *Matter of Orin Mgt. Corp. v New York State Div. of Hous. & Community Renewal,* 97 NY2d 630; *Matter of Century Tower Assoc. v State of N.Y. Div. of Hous. & Community Renewal,* 83 NY2d 819). Accordingly, the appellant's determination dated May 14, 1998, confirming the determination of the District Rent Administrator dated September 21, 1995, is confirmed. Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.