■ In the Matter of Carolyn Drennan et al., Respondents, v New York State Division of Housing and Community Renewal, Appellant. Bleecker Street Management Corp., Intervenor-Appellant. [818 NYS2d 24]—

Order and judgment (one paper), Supreme Court, New York County (Paul G. Feinman, J.), entered November 3, 2005, insofar as it granted the petition to set aside the approval of the owner's application for an increase in the 1996-1997 maximum base rent (MBR) to the extent of remanding the matter to respondent Division of Housing and Community Renewal (DHCR) for a determination of petitioner tenants' objections, unanimously reversed, on the law, without costs or disbursements, the petition denied, the proceeding dismissed and DHCR's determination confirmed.

Contrary to Supreme Court's determination, DHCR's ruling approving the owner's application was rationally based and in accordance with the Rent Control and Rehabilitation Law. The MBR system was established for all rent-controlled housing accommodations in the City of New York, effective January 1, 1972 (NY City Rent and Rehabilitation Law [Administrative Code of City of NY] § 26-405 [a] [3]; *see* NY City Rent and Eviction Regulations [9 NYCRR] § 2201.4 [a] [1]), with biennial adjustments thereafter. The system was established at a time of significant price inflation to assure increased building revenues for owners to operate and maintain their buildings (*see e.g. Matter of 89 Christopher v Joy*, 35 NY2d 213, 217 [1974]). In applying for such an increase, an owner must certify that it is maintaining and will continue to maintain all essential services (*see* NY City Rent and Rehabilitation Law § 26-405 [g] [6] [a] [2]; 9 NYCRR 2201.2, 2202.21 [a]), and that six months prior to the effective date of the MBR increase it has corrected all rent-impairing and at least 80% of all non-rent-impairing housing code violations (NY City Rent and Rehabilitation Law § 26-405 [h] [6]). "Essential services," a term of art, has a limited definition (9 NYCRR 2200.3 [b]), and does not include all services. Tenants have a remedy, independent and outside of the context of an MBR application, to seek a rent reduction (9 NYCRR 2202.14, 2202.16).

The owner here filed an application for an increase for the 1996/1997 cycle in accordance with the prescribed violation certification requirements, certifying that it had cleared all rent-impairing and 80% of non-rent-impairing violations of record as of six months prior to the filing date, with an earliest effective date of six months after the filing date. Inspections of the premises corroborated the owner's violation certification. As DHCR found, petitioners failed to submit any evidence to discredit the owner's certification. While the tenants alleged in the administrative proceedings—but not until the filing of their petition for administrative review (PAR) and in this proceeding—that certain services were not being maintained, they did not file a reduction-in-services complaint. As the DHCR commissioner properly found, a challenge to an MBR order of eligibility is not the proper proceeding to raise such an issue for the first time. Absent a prior finding by the rent agency, the Department of Housing Preservation and Development or some other governmental agency, allegations of nonmaintenance of services are ordinarily outside the scope of MBR review. Biennial MBR applications are filed by the thousands; if DHCR were required to investigate every allegation of decreased services, these applications could not be processed efficiently. The

procedures used by DHCR in reviewing MBR increase applications are longstanding and have been approved by this Court (*see e.g. Matter of Mayflower Dev. Corp. v Roldan*, 298 AD2d 291 [2002]; *Matter of Barklee Realty Co. v New York State Div. of Hous. & Community Renewal*, 159 AD2d 416 [1990], *lv denied* 76 NY2d 709 [1990]). As to petitioners' complaint that the owner is illegally operating a hotel at the premises, the commissioner found that the proper remedy is a complaint with the applicable governmental agency.

Accordingly, there was no basis for a remand of this matter to DHCR for further consideration. Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.