[901 NYS2d 186]

In the Matter of VICTORIA HICKS, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant.

First Department, May 11, 2010

**APPEARANCES OF COUNSEL**

*Gary R. Connor*, New York City (*Aida P. Reyes* of counsel), for appellant.

*Victoria Hicks*, respondent pro se.

**OPINION OF THE COURT**

Tom, J.P.

In this CPLR article 78 proceeding, Supreme Court determined that the four-year statute of limitations under CPLR 213-a applies to a rent overcharge proceeding brought by a rent-controlled tenant, and held that respondent Division of Housing

and Community Renewal (DHCR) impermissibly examined the rental history of the premises covering more than four years prior to the filing of tenant's rent overcharge complaint. We conclude that CPLR 213 a does not apply to rent-controlled apartments or to administrative proceedings before DHCR. Furthermore, DHCR's determination had a rational basis, was not arbitrary or capricious or an abuse of discretion, and did not include an error of law. The agency ruling should have been confirmed.

On September 13, 2004, petitioner, a rent-controlled tenant, filed a rent overcharge complaint with DHCR asserting that her $739.15 monthly rent exceeded the maximum collectible rent for the apartment. In support of her complaint, she argued that the landlords' failure to serve her with notice of increased heating fuel costs for the years 2002 through 2005 precluded the owners from adjusting her rent to reflect fuel cost increases for those years. The owners responded that they had not collected a fuel surcharge since 1992, rendering notice of heating fuel costs immaterial. They further submitted a rent calculation chart to justify the amount tenant was being charged. Petitioner, in reply, urged DHCR to "review all fuel cost adjustment increases and the RA-33.10 [Fuel Cost Adjustment] Reports after 1980 to ensure a current rent amount that is accurate under the law."

Based on the documentary evidence, the Rent Administrator determined that there was no merit to petitioner's assertions concerning the lack of notice of fuel cost adjustments. However, from an examination of the rental history of the premises, he concluded that the monthly rent for the apartment should be reduced to $688.34. The owners then filed a timely petition for administrative review (PAR) asserting that the rent reduction was based on an incorrect calculation. In support of their application, the owners submitted copies of various DHCR rent records, including orders setting the maximum base rent (MBR).

In April 2006, respondent issued an order that granted, in part, the owners' PAR. The order noted that several final rent orders had been overlooked in calculating the MBR. Petitioner filed a request for reconsideration, which was granted. In an order dated July 5, 2006, respondent concluded that when the orders affecting the biennial periods commencing with 1988 through 1993 and 1998-1999 were included in the calculation, the monthly rent amounted to $852.97.

Petitioner in this article 78 proceeding argued that the administrative determination was in violation of lawful proce-

dure, erroneous on the law, arbitrary, capricious and an abuse of discretion (CPLR 7803 [3]) because DHCR had examined the rental history of the premises dating back to April 1, 1978, transgressing the limitations contained in the Rent Regulation Reform Act of 1997 (RRRA) (L 1997, ch 116). That legislation, petitioner maintained, bars "examination of the rental history of a housing accommodation for more than four years prior to the filing of an overcharge complaint." She further argued that the proceedings before DHCR were subject to the limitations of CPLR 213-a which, she contended, were amended by the RRRA to include a "four-year restriction for examination of the rental history of a housing accommodation."

Supreme Court agreed and granted the petition, vacating DHCR's determination and remanding the matter for further administrative proceedings. While acknowledging that "a two year statute of limitations applies to recovery of overcharges," the court construed this petition as "not seeking to recover an overcharge. Rather, she is seeking a review in the nature of declaratory relief" (2007 NY Slip Op 30263[U], *4-5). The court concluded that the four-year statute of limitations in CPLR 213-a applies to proceedings before the DHCR pertaining to rent-controlled housing accommodations and that respondent's failure to limit its review of the rental history of the subject apartment to the period of four years prior to the filing of the overcharge complaint was arbitrary and capricious and an abuse of discretion.

DHCR contends on appeal that no statute, regulation or policy prohibits the agency from examining the rental history of rent-controlled apartments without regard to limitations as to time. In addition, it argues that its calculation of the MBR is rationally based on both the law and the record.

■ It is well recognized that DHCR has a broad mandate to administer the rent regulatory system (*see Rent Stabilization Assn. of N.Y. City v Higgins*, 83 NY2d 156, 165 [1993]), and courts regularly defer to its interpretation and application of the laws it is responsible for administering, so long as its interpretation is not irrational (*Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549 [1997]). We agree with DHCR's interpretation of CPLR 213-a that it does not apply to rent-controlled housing accommodations subject to the Rent and Rehabilitation Law (Administrative Code of City of NY § 26-401 *et seq.*). CPLR 213-a provides:

"An action on a residential rent overcharge shall be

commenced within four years of the first overcharge alleged and no determination of an overcharge and no award or calculation of an award of the amount of any overcharge may be based upon an overcharge having occurred more than four years before the action is commenced. This section shall preclude examination of the rental history of the housing accommodation prior to the four-year period immediately preceding the commencement of the action."

While CPLR 213-a applies to a "residential rent overcharge" and does not make a distinction between rent-stabilized and rent-controlled apartments, the legislative history makes clear that it applies only to rent-stabilized dwellings. The four-year statute of limitations was introduced in 1983, in the Emergency Tenant Protection Act (ETPA) amendments,[1] with the simultaneous enactment of CPLR 213-a (L 1983, ch 403, § 35) and the predecessor to what is now Rent Stabilization Law (Administrative Code of City of NY) § 26-516 (a) (2) (former Administrative Code § YY51-6.0.5 [a] [2], added by L 1983, ch 403, § 14). Significantly, none of the rent-control statutes of limitations under the New York City Rent and Rehabilitation Law applicable to rent-control-related actions were amended by this legislation.[2]

In 1997, the Legislature enacted the RRRA in part to clarify the limitations period contained in the Rent Stabilization Law. Simultaneous amendments were made to CPLR 213-a (L 1997, ch 116, § 34) and Rent Stabilization Law § 26-516 (a)[3] (L 1997, ch 116, § 33). Both amended CPLR 213-a and the RRRA reflect a clear legislative intent to curb the judicial practice of reviewing the rental history of an apartment prior to the four-year limitations period (see L 1997, ch 116, § 32). Again, there were

---

**1.** Commonly referred to in the courts as the Omnibus Housing Act of 1983 (OHA) (see *Elwick Ltd. v Howard*, 111 AD2d 73 [1985], *affd* 65 NY2d 1006 [1985]).

**2.** The right of a rent-controlled tenant to bring an action on a rent overcharge and the time within which the action must be commenced is provided by the governing regulatory statute and restricted by a two-year statute of limitations (Administrative Code § 26-413 [d] [2] [a]).

**3.** Administrative Code § 26-516 (a) provides, inter alia:

"Where the amount of rent set forth in the annual rent registration statement filed four years prior to the most recent registration statement is not challenged within four years of its filing, neither such rent nor service of any registration shall be subject to challenge at any time thereafter."

no changes made to the Rent and Rehabilitation Law statutes of limitations.

The Rent and Rehabilitation Law and the Rent Stabilization Law were enacted as separate and distinct systems to address different problems in the housing market, even though each was primarily directed at ameliorating the effects of the shortage of housing accommodations (*see 8200 Realty Corp. v Lindsay*, 27 NY2d 124 [1970], *appeal dismissed* 400 US 962 [1970]; *Matter of Chessin v New York City Conciliation & Appeals Bd.*, 100 AD2d 297 [1984]). The procedures enacted under the two systems of rent regulation do not allow for indiscriminate interchange. Therefore, neither the OHA nor any subsequent amendment to the Rent Stabilization Law can be deemed to amend the Rent and Rehabilitation Law by implication.

Had the Legislature intended the four-year limitations period to extend to rent-controlled dwellings, it would have been a simple matter to do so, such as it did with enactment of "luxury decontrol," which specifically included application for both systems of regulation (*see* L 1997, ch 116, § 7-11). As the Court of Appeals has observed, "[T]he failure of the Legislature to include a substantive, significant prescription in a statute is a strong indication that its exclusion was intended" (*People v Finnegan*, 85 NY2d 53, 58 [1995], *cert denied* 516 US 919 [1995]). Here, the failure of the Legislature to incorporate CPLR 213-a into the Rent and Rehabilitation Law was a clear indication that it was not intended to apply to rent-controlled apartments. If such application was contemplated, the Legislature would not have left intact two inconsistent limitations periods without making appropriate legislative amendments to the Rent and Rehabilitation Law.

The time within which the tenant of rent-controlled premises must seek recovery of an overcharge is provided by a particular statute and by regulations governing the operation and management of rent-controlled accommodations. With respect to amounts collected in excess of the established maximum rent, any refund is limited to the two-year period preceding the filing of the overcharge complaint or the commencement of an administrative proceeding, whichever is earlier, whether recovery of the overpayment is sought before DHCR (Rent and Rehabilitation Law [Administrative Code] § 26-412 [a]; § 26-413 [c] [3]; NY City Rent and Eviction Regulations [9 NYCRR] § 2202.22 [b]) or before the courts (Administrative Code § 26-413 [d] [2] [a]; *Matter of Christy v Lynch*, 259 AD2d 324, 326

[1999]). The procedure for commencing a timely overcharge proceeding is thus regulated by a rent-control statute containing a clearly different limitations period than CPLR 213-a, thereby rendering the provision inapposite, irrespective of the forum in which refund is pursued.

DHCR further argues that no statute, regulation or policy prohibits it from examining prior rent history of rent-controlled apartments for more than two or four years. We conclude that neither the four-year statute of limitations nor the restriction of the examination of a unit's rental history to the four-year period preceding the filing of a rent overcharge complaint (CPLR 213-a; Rent Stabilization Law [Administrative Code] § 26-516 [a] [2]; *cf. Matter of Mengoni v New York State Div. of Hous. & Community Renewal*, 97 NY2d 630, 633 [2001]) limits the agency's review of the rental history of a rent-controlled apartment in determining the MBR.

As an initial consideration, the CPLR governs "civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute" (CPLR 101). Two points should be noted. First, application of the CPLR is explicitly limited to judicial proceedings, whether brought in the form of an action or special proceeding (CPLR 103 [b]); the statute does not purport to govern proceedings before administrative agencies. Second, even before the courts, application of the CPLR is expressly restricted to matters not governed by another statute, thereby "enabling more specific statutes to govern in special situations or in courts with particularized functions" (Siegel, NY Prac § 2, at 2 [4th ed]). By legislative expression, the CPLR does not purport to dictate the procedure to be applied in administrative matters; and even if the statute, while not controlling, is construed as providing general guidance in the conduct of administrative proceedings, it clearly does not supplant the procedures specified by any statute specifically governing the agency's operation or by regulations promulgated in the exercise of an agency's administrative prerogative. By way of illustration, the statute of limitations governing commencement of the instant special proceeding (CPLR 7804 [a]) is found not in the CPLR, but in New York City Rent and Eviction Regulations (9 NYCRR) § 2208.12, which provides that a proceeding seeking judicial review of DHCR's ruling must be filed "within 60 days after the final determination of the PAR."

With respect to CPLR 213-a in particular, that section is specifically made applicable to an "action on a residential rent

overcharge," which clearly contemplates recovery in a judicial action or special proceeding (CPLR 103 [b]; 105 [b]). Petitioner maintained that the RRRA, which amended CPLR 213-a to include the restriction on a court's examination of rental history, makes the provision applicable to administrative proceedings. Specifically she contended that under the RRRA, the restriction applies generally to "any application, complaint or proceeding before an administrative agency on [June 19, 1997], as well as any action or proceeding commenced thereafter" (L 1997, ch 116, § 46 [1]).

Petitioner misapprehends the purpose of the quoted language. RRRA § 46 concerns the effective date of the enactment and refers to pending administrative proceedings to which it applies (*see Mengoni*, 97 NY2d at 633; *Zafra v Pilkes*, 245 AD2d 218, 219 [1997]). That the RRRA's restriction on examinations of rental history of rent-stabilized dwelling units is made applicable to pending administrative proceedings does not compel the conclusion that CPLR 213-a is similarly applicable to pending administrative proceedings.

Petitioner's argument fails to distinguish the statutory limitation imposed on administrative agencies from that imposed on the courts. As we observed in *Matter of Brinckerhoff v New York State Div. of Hous. & Community Renewal* (275 AD2d 622, 622 [2000], *appeal dismissed* 96 NY2d 729 [2001], *lv denied* 96 NY2d 712 [2001]), the four-year restriction is "applicable to both administrative and judicial rent overcharge claims." However, as the basis for that conclusion, we cited, respectively, Rent Stabilization Law (Administrative Code) § 26-516 (a) (2), extending the restriction to DHCR, and CPLR 213-a, extending the restriction to the courts. *Brinckerhoff* does not apply CPLR 213-a to administrative proceedings. Petitioner has brought no case to our attention that holds otherwise, and none has been located (*cf. Saracco v New York State Div. of Hous. & Community Renewal*, 236 AD2d 219 [1997], *lv denied* 89 NY2d 816 [1997] [confirming DHCR's determination of 1970 MBR]). While the RRRA modified CPLR 213-a to include the restriction, the RRRA provision seized upon by petitioner (L 1997, ch 116, § 46 [1]) does not reflect any legislative intent to extend the scope of the CPLR beyond judicial actions and, particularly, does not modify CPLR 101 limiting the CPLR's application to "civil judicial proceedings." Thus, CPLR 213-a does not apply to administrative proceedings. Even if this Court were to assume, for the sake of argument, that the CPLR applies to administra-

tive proceedings, as Supreme Court implicitly supposed, application of CPLR 213-a is nonetheless precluded in this instance by the existence of an inconsistent rent control statutory provision (CPLR 101).

It is not a reviewing court's function to render a de novo decision or to reach a contrary conclusion by subjecting the administrative process to a procedural rule limited to judicial actions or by expanding judicial review beyond its prescribed limits (CPLR 7803). Contrary to Supreme Court's analysis, there is no basis for regarding this proceeding as seeking declaratory relief under CPLR 3001 (*cf. Matter of Kovarsky v Housing & Dev. Admin. of City of N.Y.*, 31 NY2d 184, 192 [1972] [constitutional question]). Nor did the court purport to issue any declaration in rendering its judgment (*cf. Matter of 10 W. 66th St. Corp. v New York State Div. of Hous. & Community Renewal*, 184 AD2d 143, 148-149 [1992]).

▇ When examined in the context of the governing statute and regulations, DHCR's practice of reviewing the rent history of the premises is not irrational or unreasonable (*see Gaines*, 90 NY2d at 548-549). By legislative design, the legal rent for a rent-controlled apartment is determined by reference to the history of the premises dating back to the time the initial base rent was established. With respect to fixing the maximum rent, Rent and Rehabilitation Law (Administrative Code) § 26-405 (a) (3) and (4) mandate that DHCR establish an initial base rent for rent-controlled accommodations effective January 1, 1972, and thereafter make biennial adjustments to the MBR based upon periodic examination of an owner's books and records to assess the actual operating expenditures for the building (*see Matter of Drennan v New York State Div. of Hous. & Community Renewal*, 30 AD3d 281, 282 [2006]). The agency's calculation of the maximum collectible rent for the subject premises is supported by substantial evidence in the record, and petitioner does not attempt to demonstrate otherwise. Therefore, DHCR's determination is not arbitrary and capricious, and unless the agency's review of the rent history of the premises is otherwise barred by statute, as petitioner maintains, the courts are required to sustain the agency's findings.

We have considered the remaining contentions and find them unavailing.

Accordingly, the judgment of the Supreme Court, New York County (Donna Mills, J.), entered April 5, 2007, which granted the petition challenging the determination of respondent, dated

July 5, 2006, establishing petitioner's maximum collectible rent, should be reversed, on the law, without costs, the petition denied, the determination confirmed and the proceeding dismissed.

ANDRIAS, NARDELLI, DEGRASSE and FREEDMAN, JJ., concur.

Judgment, Supreme Court, New York County, entered April 5, 2007, reversed, on the law, without costs, the petition denied, the determination confirmed and the proceeding dismissed.