Rose, J.
Appeal from an order of the Supreme Court (Platkin, J.), entered August 20, 2013 in Albany County, which, among other things, in a proceeding pursuant to Business Corporation Law article 11, denied respondents’ motion to dismiss the petition.
In April 2013, petitioner, a director and minority shareholder of respondents Gould Erectors & Rigging, Inc. and Flach Crane & Rigging Company, Inc., commenced this special proceeding seeking judicial dissolution of the corporations (see Business Corporation Law § 1104-a). Included in the petition is a request for an accounting of respondent John C. Flach, the majority shareholder and president of the corporations, based upon allegations that he was engaged in looting, wasting or diverting the corporations’ assets for noncorporate purposes. In accordance with Business Corporation Law § 1106, petitioner filed the petition with the County Clerk of Albany County and served respondents with an order to show cause. Respondents then moved to dismiss the proceeding, arguing that personal jurisdiction had not been obtained due to petitioner’s service of only the order to show cause — and not the petition — on respondents. Supreme Court denied the motion, finding that petitioner’s compliance with Business Corporation Law § 1106 was sufficient to confer jurisdiction. Respondents now appeal, contending that Supreme Court erred because petitioner failed to comply with CPLR 403 (b), which requires that “the petition ... be served on any adverse party.”
It is well settled that the CPLR “govern[s] the procedure in civil judicial proceedings . . . except where the procedure is regulated by inconsistent statute” (CPLR 101; see Matter of Harris Bay Yacht Club, Inc. v Town of Queensbury, 46 AD3d 1304, 1305 [2007]; see also Matter of Hicks v New York State Div. of Hous. & Community Renewal, 75 AD3d 127, 133 [2010]). As is relevant here, the procedure for the judicial dissolution of corporations is governed by Business Corporation Law article 11. Business Corporation Law § 1106 in particular provides that an order to show cause is to be served upon, among others, “the corporation^] and upon each person named in the petition” (Business Corporation Law § 1106 [c]), while the petition need only be filed with the county clerk (see Business Corporation Law § 1106 [d]). As this is inconsistent with the requirements of CPLR 403 (b), the specific requirements of Business Corpora *1041 tion Law § 1106 control in this circumstance (see Matter of Brusco v Braun, 84 NY2d 674, 681 [1994]; see also Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d 83, 92 [2011]). Inasmuch as petitioner’s compliance with Business Corporation Law § 1106 gave Supreme Court jurisdiction over the corporations (see Matter of Finando [Sunsource Health Prods.], 226 AD2d 634, 635 [1996]), we find that the court properly denied respondents’ motion to dismiss the first and third causes of action seeking judicial dissolution of the corporations.
We agree with respondents, however, that Supreme Court erred in denying their motion to dismiss for lack of personal jurisdiction with respect to the second and fourth causes of action for an accounting of Flach individually.* These causes of action are not governed by Business Corporation Law article 11. Thus, with respect to them, petitioner was required to comply with the service provisions set forth in the CPLR. As it is undisputed that the only pleading personally served on Flach was the order to show cause — which contains no mention of the accounting causes of action — personal jurisdiction was not obtained and, therefore, the second and fourth causes of action should have been dismissed (see generally Parker v Mack, 61 NY2d 114, 117 [1984]; Pierce v Village of Horseheads Police Dept., 107 AD3d 1354, 1355-1356 [2013]; Matter of Wyeth Ayerst Pharms., Inc. v Assessor of Town of Champlain, 24 AD3d 849, 850 [2005]; Matter of Lebow v Village of Lansing Planning Bd., 151 AD2d 865, 866 [1989]; compare Clark v City of Ithaca, 235 AD2d 746, 748 [1997]).
Peters, PJ., Stein, Egan Jr. and Clark, JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied respondents’ motion to dismiss the second and fourth causes of action; motion granted to that extent, said causes of action dismissed and matter remitted to the Supreme Court to permit respondents to serve an answer within 20 days of the date of this Court’s decision; and, as so modified, affirmed.

 We reach this issue despite respondents’ failure to draw a distinction between the dissolution and accounting causes of action before Supreme Court, as the legal argument raised could not have been avoided by petitioner if brought to his attention at the proper time (see Highbridge Dev. BR, LLC v Diamond Dev., LLC, 67 AD3d 1112, 1114 n 2 [2009]; Larson v Albany Med. Ctr., 252 AD2d 936, 938-939 [1998]).