*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                    517784
_____

In the Matter of the
   Dissolution of STONY CREEK
   PRESERVE, INC.

MICHAEL CICCOTELLI,                        MEMORANDUM AND ORDER
                  Respondent;

PETER C.W. PLACE et al.,
                  Appellants.
_____

Calendar Date:   September 5, 2014

Before:   Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

                    _____


      John M. Hogan Jr., Saratoga Springs, for appellants.

      Alisa Dalton, Saratoga Springs, for respondent.

                    _____


Stein, J.P.

      Appeal from an order of the Supreme Court (Crowell, J.),
entered July 9, 2013 in Saratoga County, which, in a proceeding
pursuant to Business Corporation Law article 11, denied
respondents' motion to, among other things, dismiss the petition.

      Petitioner commenced this proceeding pursuant to Business
Corporation Law §§ 1104 and 1104-a for judicial dissolution of
Stony Creek Preserve, Inc. (hereinafter the corporation), of
which he and respondent Peter C.W. Place (hereinafter Place) are

each 50% shareholders, officers and directors.[1]  Place and his wife, respondent Aim-Orn Place,[2] interposed an answer asserting, among other things, various affirmative defenses.  Respondents, together with the corporation, subsequently moved for, as pertinent here, an order dismissing the petition on the ground that the corporation was not properly served in accord with Business Corporation Law § 1106.  Supreme Court denied the motion, finding that respondents had waived the issue of improper service, and this appeal by respondents ensued.

We affirm, albeit on other grounds.  To obtain jurisdiction over the corporation, petitioner was required to comply with the statutory notice provisions set forth in Business Corporation Law § 1106 (see Matter of Gould Erectors & Rigging, Inc., 119 AD3d 1039, 1040-1041 [2014]; Matter of Finando [Sunsource Health Prods.], 226 AD2d 634, 635 [1996]).  Such statute provides that, upon the filing of a petition to judicially dissolve a corporation, "the court shall make an order requiring the corporation and all persons interested in the corporation to show cause before it . . . why the corporation should not be dissolved" (Business Corporation Law § 1106 [a]).  As relevant here, the order to show cause must be served upon, among others, the subject corporation and each person named in the petition (see Business Corporation Law § 1106 [c]).  In accordance therewith, the order to show cause issued here directed, among other things, that personal service be made upon respondents and that service upon the corporation be made in the manner prescribed in Business Corporation Law § 1106.  One permissible method of effecting service on a corporation is by personal service (see Business Corporation Law § 1106 [c]), upon "an officer, director, managing or general agent, or cashier or

_____

[1]  Place has commenced a separate action against petitioner, which was dismissed by Supreme Court and is the subject of a separate appeal (Place v Ciccotelli, ___ AD3d ___ [decided herewith]).

[2]  Although the record is somewhat unclear, it appears that petitioner's wife and Aim-Orn Place were, at some time, directors of the corporation and that Aim-Orn Place was also a shareholder.

assistant cashier or to any other agent authorized by appointment or by law to receive service" (CPLR 311 [a] [1]).

Initially, we reject respondents' argument that the order to show cause, itself, prevented Place from accepting service on behalf of the corporation. Such argument is based on the erroneous premise that the order to show cause contained a temporary restraining order. The only temporary relief set forth therein required the corporation and its officers and directors to provide information regarding corporate assets and liabilities, shareholder and creditor information, and to make the corporate books available for inspection.

We are also unpersuaded by respondents' contention that petitioner failed to obtain jurisdiction over the corporation. Under the circumstances here, personal service of a copy of the order to show cause upon Place was sufficient to effect service on both the corporation and Place, individually (see Lac Leasing Corp. v Dutchess Aero, Inc., 32 AD2d 949, 949 [1969]; Port Chester Elec. Co. v Ronbed Corp., 28 AD2d 1008, 1008 [1967]; see also Brown v Sagamore Hotel, 184 AD2d 47, 50 [1992]). Considering that petitioner and Place were apparently the only two officers of the corporation at the time, we find that service upon Place constituted "notice 'reasonably calculated, under all the circumstances, to apprise [Place and the corporation] of the pendency of the [proceeding] and afford them an opportunity to present their objections'" (Raschel v Rish, 69 NY2d 694, 696 [1986], quoting Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]). No purpose would have been served by delivery of a separate copy of the order to show cause to Place for the corporation. Thus, service upon the corporation was effectuated pursuant to CPLR 311 (a) (1) and Business Corporation Law § 1106 and, inasmuch as jurisdiction was obtained over the corporation, the motion to dismiss was properly denied (see Matter of Gould Erectors & Rigging, Inc., 119 AD3d at 1040-1041).[3] To the extent not specifically addressed herein, respondents' remaining contentions have been considered and found

---

[3] Having reached this conclusion, we need not determine whether the jurisdictional objection was waived.

to be without merit.

McCarthy, Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court