Matter of Bronx Boynton Ave. LLC v New York State Div. of Hous. & Community Renewal (2018 NY Slip Op 01287)





Matter of Bronx Boynton Ave. LLC v New York State Div. of Hous. & Community Renewal


2018 NY Slip Op 01287


Decided on February 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2018

Andrias, J.P., Gesmer, Kern, Singh, Moulton, JJ.


5829 260718/15

[*1]In re Bronx Boynton Avenue LLC, Petitioner-Appellant,
v
New York State Division of Housing & Community Renewal, et al., Respondents-Respondents.


David L. Moss & Associates, LLC, New York (David L. Moss of counsel), for appellant.
Mark F. Palomino, New York (Jack Kuttner of counsel), for respondents.



Judgment (denominated decision/order), Supreme Court, Bronx County (Wilma Guzman, J.), entered December 23, 2016, denying the petition seeking to annul an order of respondent New York State Division of Housing and Community Renewal (DHCR), dated June 19, 2015, which denied the petition for administrative review (PAR) and affirmed the order of the DHCR Rent Administrator, dated January 30, 2015, which found a rent overcharge for the subject apartment unit and awarded treble damages, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DHCR's denial of the PAR had a rational basis and was not arbitrary and capricious. The finding that the alleged individual apartment improvements (IAIs) did not justify the rent increase pursuant to Rent Stabilization Code § 2522.4(a)(1), which "is entitled to deference if not irrational or unreasonable" (Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal , 75 NY2d 206, 213 [1989]), was properly based on, among other things, a DHCR inspector's findings following his inspection of the subject apartment (see Matter of Wembly Mgt. Co. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin. , 205 AD2d 319, 319 [1st Dept 1994], lv denied 85 NY2d 808 [1995]). Notwithstanding the passage of more than three years between the alleged completion of the IAIs and the inspection, DHCR's assessment that the defects observed in the apartment were inconsistent with the alleged IAIs was reasonable under the particular circumstances of this case (see Simkowitz v New York State Div. of Hous. & Community Renewal , 256 AD2d 51 [1st Dept 1998]; see also Matter of Weinreb Mgt. v New York State Div. of Hous. & Community Renewal , 305 AD2d 207 [1st Dept 2003]).
DHCR's imposition of treble damages was not arbitrary and capricious, since petitioner-landlord failed to rebut the presumption that the overcharge was willful (see Matter of Century Towers Assoc. v State of N.Y. Div. Of Hous. & Community Renewal , 83 NY2d 819, 823 [1994]). Indeed, notwithstanding that the apartment renovation was allegedly performed before petitioner owned the building, the discrepancies between petitioner's allegations and submissions concerning the IAIs and the abundant evidence to the contrary affirmatively demonstrated that the overcharge was willful (see Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal , 171 AD2d 572, 574-576 [1st Dept 1991], lv denied 78 NY2d 861 [1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2018
CLERK