Badesch v Fort 710 Assoc., L.P. (2025 NY Slip Op 03967)

Badesch v Fort 710 Assoc., L.P.

2025 NY Slip Op 03967

Decided on July 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025

Before: Manzanet-Daniels, J.P., González, Mendez, Rodriguez, Rosado, JJ. 

Index No. 160639/18|Appeal No. 4666|Case No. 2024-05395|

[*1]Spencer Badesch, Plaintiff-Respondent,
v
Fort 710 Associates, L.P., Defendant-Appellant.

Greenberg Traurig, LLP, New York (Hal N. Beerman of counsel), for appellant.
Singh & Rani, LLP, New York (Bikram Singh of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered July 25, 2024, which, to the extent appealed from as limited by the briefs, denied defendant landlord's motion for summary judgment limiting the cause of action for damages (third cause of action) to non-trebled overcharges calculated in accordance with the four-year lookback rule rather than the default formula, unanimously affirmed, with costs.
In this action alleging a rent overcharge, the landlord did not sustain its prima facie burden of entitlement to summary judgment, as the record presents an issue of fact as to whether there was fraud in deregulation of the apartment. As the landlord notes, the fraud exception to the four-year lookback rule is often inapplicable to rent overcharge claims based solely on the Court of Appeals' holding in Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]), since Roberts deregulations during receipt of J-51 benefits were based on erroneous guidance from the New York State Division of Housing and Community Renewal (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 352, 356 [2020]; NÁjera-OrdÓÑez v 260 Partners, L.P., 217 AD3d 580, 581 [1st Dept 2023]).
Here, however, the landlord's deregulation of the apartment in 2009 and the tenant's subsequent unregulated leases raise a colorable claim of fraud permitting review of the pre-base date rent history to determine whether the landlord engaged in a "fraudulent scheme to deregulate" that tainted the base date rent (Matter of Regina Metro., 35 NY3d at 355; see Malkiewicz v Acquisition Am. XI LLC, 233 AD3d 587, 588 [1st Dept 2024]). The last rent-stabilized tenant paid rent of $603.33 and vacated in 2008. The tenant's first lease in 2011 contained a legal rent of $2,500, an amount identical to the deregulation threshold then in effect. The subsequent unregulated renewal leases were all well below the high-rent deregulation threshold, providing for monthly rents of $1,495, $1,550, $1,600, and $1,675 from 2013 through 2016. This pattern of raising the rent above the deregulation threshold and then lowering it significantly below the threshold can indicate fraud (id.). In addition, the record presents no evidence to support the increase in the legal rent from $603.33 in 2008 to meet the high-rent deregulation threshold rent of $2,000 in effect in 2009.
Furthermore, because there is a colorable claim of fraud regarding the 2009 purported deregulation of the apartment, there is necessarily an issue of fact as to whether any overcharge was willful, and thus whether the tenant is entitled to treble damages (see Rent Stabilization Law § 26-516[a]; Matter of Century Tower Assoc. v State of N.Y. Div. of Hous. & Community Renewal, 83 NY2d 819, 823 [1994]).
We have considered the landlord's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED[*2]: July 1, 2025